Plaintiff-appellant, Rhonda Schmidt, appeals a Clermont County Court of Common Pleas, Domestic Relations Division, decision adopting the shared parenting plan proposed by defendant-appellee, Jeffrey Schmidt. We affirm.
The parties were married on March 10, 1984. Four daughters were born during the marriage: Brittany (DOB: 7/14/86), Meredith (DOB: 8/8/89), Audrey (DOB: 12/3/92), and JoEllen (DOB: 12/9/94). Appellee pleaded no contest to a domestic violence charge in 1991. The parties received marital counseling at that time. A May 1996 incident resulted in a second domestic violence charge. Appellant filed for divorce on June 3, 1996. Appellant was awarded temporary custody of the children during the pendency of the divorce. Appellant moved approximately forty miles from the marital residence and the school-aged children changed schools.
Appellant had been a homemaker and the primary caretaker of the children. During the pendency of the divorce, she began full-time work at Children's Hospital, Monday through Friday, 8:00 a.m. to 4:30 p.m. Appellee was employed at Cincinnati Milacron and had reportedly worked a weekend shift, Thursday through Monday. During the pendency of the divorce, appellee's work schedule changed — apparently to enable him to have Sundays off for visitation.
Michelle Applegate, the court's custody investigator, conducted a custody evaluation in March of 1997. The children reported that they missed their father. Applegate noted that appellee denied he had been physically abusive during the marriage. Applegate also noted appellee was able to acknowledge that appellant is a good mother and that he did not want to alienate the children from her, but that he wanted a shared parenting plan that would allow the children to move back into the marital home and return to their school district. Applegate concluded that a parenting plan that maximized the children's time with each parent was in the best interest of the children. Based on appellee's report that he worked weekends while appellant did not, Applegate concluded that it was in the children's best interests to reside with appellee during the week and with appellant on the weekends.
Dr. Charles Handel, a court appointed psychologist, performed a psychological evaluation of the parties and their children. Dr. Handel also concluded that appellee's work schedule of ten hours a day during the weekend and three days off during the week meant that allowing the children to be in residence with appellee during the week would allow the children to be cared for by their parents as much as possible. Dr. Handel noted that this arrangement would meet the older two children's desires to return to familiar support systems and school. Dr. Handel found that even though appellant was the primary caregiver before the separation, the children had developed a quality relationship with appellee.
Dr. Handel noted that appellee had indicated that he had pleaded guilty to domestic violence in 1991 in order to effect a reconciliation, and that a jury had recently acquitted him of the charge stemming from the 1996 incident. Dr. Handel recommended that shared parenting would be the best arrangement for the children as they would be able to maintain a close relationship with both parents.
Dr. Barbara Brewer was hired by appellant and conducted a full evaluation of all parties. Dr. Brewer found that the children loved and were attached to appellee. However, she found that there was strong evidence that he was trying to alienate his children from their mother. Dr. Brewer also diagnosed appellee as suffering from a delusional disorder, with a jealous and persecutory paranoid personality subtype. She found that appellant was a completely devoted and more than adequate mother, and recommended that the children spend "less time" with appellee.
Appellee submitted a shared parenting plan to the court. The plan provided that the children would reside with appellee Monday through Friday and with appellant on the weekends. The plan further provided that appellant would have five weeks of summer parenting time. Following a hearing on contested issues during which both Dr. Handel and Dr. Brewer testified, the trial court adopted appellee's proposed shared parenting plan.
Appellant presents two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION IN ADOPTING THE SHARED PARENTING PLAN PROPOSED BY APPELLEE.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW IN ORDERING SHARED PARENTING DUE TO ITS FAILURE TO CONDUCT THE REQUISITE ANALYSIS UNDER O.R.C. 3109.01(c) WHERE THERE HAVE BEEN INCIDENTS OF DOMESTIC VIOLENCE.
For procedural reasons, we will address the second assignment of error first. In her second assignment of error, appellant argues that the trial court did not comply with R.C. 3109.04(C) which provides in part:
 When the court allocates parental rights and responsibilities for the care of children or determines whether to grant shared parenting in any proceeding, it shall consider whether either parent has been convicted or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the proceeding * * *.
 If the court determines that either parent has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code * * *, it may designate that parent as the residential parent and may issue a shared parenting decree or order only if it determines that it is in the best interest of the child to name that parent the residential parent or to issue a shared parenting decree or order and it makes specific written findings of fact to support its determination.
Because it was undisputed that appellee had pleaded guilty to a domestic violence offense, we remanded this case for specific written findings of fact. The trial court has now provided its findings of fact which fully comply with the mandate of R.C.3109.04(C).[1] The trial court found that although appellee had pleaded no contest to a domestic violence charge involving appellant there was no evidence that he presented a physical threat to the children.[2] The record supports this determination. Therefore, appellant's second assignment of error is overruled.
In her first assignment of error, appellant argues that the trial court abused its discretion in adopting the shared parenting plan proposed by appellee. In a divorce action, the trial court "shall allocate the rights and responsibilities for the care of the minor children of the marriage." R.C.3109.04(A). The trial court is vested with broad discretion to decide matters relating to the allocation of parental rights and responsibilities and its decision is subject to reversal only upon a showing of an abuse of discretion. Masters v.Masters (1994), 69 Ohio St.3d 83, 85. When making an allocation of parental rights, the trial court must consider the child's best interest. R.C. 3109.04(B)(1). In determining the best interest of the children, the trial court is obligated to consider all relevant factors, including but not limited to:
 (a) The wishes of the child's parents regarding his care;
(b) * * * [T]he child's wishes;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all the persons involved in the situation;
 (f) The parent [who is] more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all [required] child support payments;
 (h) * * * Whether either parent has been convicted of or pleaded guilty to a [domestic violence] offense.
 (i) Whether the residential parent has continuously and willfully denied the other parent * * * visitation * * *;
 (j) Whether either parent has established a residence or is planning to establish a residence outside the state.
R. C. 3109.04(F)(1)(a)-(j).
When the trial court is presented with evidence on the factors listed in R.C. 3109.04(F), it is the trial court's role to resolve factual disputes and weigh the testimony and credibility of witnesses. Bechtol v. Bechtol (1990), 49 Ohio St.3d 21,23.
In considering proposed shared parenting plans, the trial court should proceed according to R.C. 3109.04(D)(1)(a)(iii), which provides in part:
 * * * If only one parent * * * files a plan [for shared parenting] the court in the best interest of the children may order the other parent to file a plan for shared parenting * * *.
 The court shall review each plan filed to determine if any plan is in the best interest of the children. * * *. (Emphasis added.)
Appellant argues that shared parenting should not be ordered where the parents are unable to cooperate. Here, the trial court did not order appellant to file her own shared parenting plan. This was within the court's discretion. The trial court reviewed the plan proposed by appellee and determined that it was in the best interest of the children. Although there is some evidence of difficulties in cooperation between these parties, we do not find that it is never appropriate to approve a shared parenting plan under such circumstances. The polestar consideration is always the best interest of the children.[3]
The trial court summarized the findings of the court-appointed psychologist and child custody evaluator, both of whom had recommended the type of shared parenting plan proposed by appellee. The court found that both parents possess adequate parenting skills and that it was in the best interest of the children to spend as much time with both parents as is possible. Giving considerable weight to the parties' respective work schedules, the trial court determined that appellee's proposed plan was in the children's best interest.[4] Although there were troubling aspects to Dr. Brewer's findings, Dr. Handel's findings supported the trial court's decision. It is the trial court, as the trier of fact, who must determine the weight to be accorded to the evidence, and we cannot substitute our judgment for that of the trier of fact. Sessions Coal Co.v. City of Cleveland (1984), 10 Ohio St.3d 77, 81. Considering the standard we must apply in reviewing custody issues, we cannot say the trial court's allocation of parental rights and responsibilities was unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Therefore, appellant's second assignment of error is overruled.
Judgment affirmed.
KOEHLER and POWELL, JJ., concur.
[1] The parties were also permitted to submit supplemental briefs addressing the trial court's findings.
[2] Even Dr. Brewer's assessment found that appellee would not physically abuse the children, though she noted a risk of harm to appellant or her boyfriend.
[3] Appellant cites Neel v. Neel (1996), 113 Ohio App.3d 24, as support for the proposition that shared parenting should not be ordered by the court if the parties allegedly cannot cooperate. However, Neel is distinguishable as the court did not explicitly hold that shared parenting cannot be ordered, but found it inappropriate in that case which involved a modification of custody proceeding.
[4] Appellant strenuously argues that appellee's actual work records showed that he did not work weekends, contrary to what he told the custody evaluator and Dr. Handel. This is supported by the record. However, this argument was apparently not made to the trial court and the record also reflects that appellee may have changed from his largely weekend work during the pendency of the divorce in order to exercise visitation.