OPINION
Appellant, LaRhonda Moore, appeals an order of the Butler County Court of Common Pleas, Juvenile Division, granting legal custody of Kyle Nared to his father, Tim Nared ("Father"). We affirm the decision of the trial court.
Kyle Nared, born March 12, 1989, is the natural child of appellant and Father. Kyle was in the custody of appellant until January 29, 1998, when the Butler County Children Services Board ("BCCSB") filed a complaint alleging that Kyle was a neglected child under R.C. 2151.03(A),[1] and a dependent child under R.C. 2151.04(C).[2] The complaint alleged that appellant had failed to provide Kyle with the proper and necessary care for his subsistence. The trial court entered an ex parte emergency custody order, temporarily placing Kyle in the custody of Father.
A shelter care hearing was scheduled for February 3, 1998. Both appellant and Father were present. Kyle was represented by a guardian ad litem. Father proceeded pro se. Appellant was represented by counsel and waived a formal hearing. As a result, Father's temporary custody of Kyle was continued, and visitation was ordered between Kyle and appellant.
A final custody hearing was held on March 18, 1999. The trial court ordered that Kyle remain in the custody of Father and that appellant be granted supervised visitation. Appellant appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT'S FINDING THAT KYLE NARED WAS A NEGLECTED AND DEPENDENT CHILD IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In her first assignment of error, appellant contends that the trial court's determination that Kyle was a neglected and dependent child was against the manifest weight of the evidence. If a trial court's determination is supported by some competent and credible evidence, it will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morrisv. Foley Construction (1978), 54 Ohio St.2d 279, 280. Further, a trial court's decision concerning custody cannot be reversed by a reviewing court absent an abuse of discretion. Master v. Master
(1994), 69 Ohio St.3d 83, 85. An abuse of discretion implies that the decision of the trial court was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
Kyle was removed from appellant's care during the evening of January 29, 1998. The testimony of the responding police officer established that, at the time of Kyle's removal, appellant's residence had no electrical power, heat, or telephone service. The report of the on-call social worker, Jennifer Combs, indicates that there was no food of substance in the home. Appellant testified that she had not paid rent for December or January and had been served with an eviction notice. However, appellant did not understand why she was being evicted, suspected that the power had been turned off as a result of someone else's electrical usage being applied to her bill, and claimed she was unable to use the telephone, except to call the telephone company. Although appellant testified that she had been planning a move, she had not located another home for Kyle and herself or made arrangements to stay with family members living in the area.
Kyle's school attendance records indicate that, during the school year preceding Kyle's removal from appellant's home, Kyle had five absences, five unexcused absences, thirteen tardies, and three early dismissals. In spite of this, appellant testified that Kyle was never late for school and only missed one or two days due to illness. Appellant reported to Fairfield South, Kyle's school, that she was going to move to Florida, California, or Canada, and subsequently attempted to withdraw him from the school on January 8, 1998. Although they continued to reside in the Fairfield School District, Kyle did not attend school after this date.
Both Father and Henrietta Perry, appellant's mother, testified that they have noticed a change in appellant's personality over the past two years. Perry testified that she had observed appellant's behavior to be at times irrational, especially when confronted with issues regarding her mental health. Father testified that he noted an element of paranoia in several of his conversations with appellant. Both Father and Perry expressed concern over appellant's mental state.
In her testimony, Tosha Barnes, the BCCSB social worker assigned to this case, recommended that Kyle remain in the custody of Father. Barnes noted that, although Kyle loves his mother, he is sometimes frightened by the "weird" language she uses around him. Barnes also expressed concern that appellant had refused to participate in any BCCSB case plan services, and had refused BCCSB's requests that she seek a psychological evaluation.
In light of the foregoing, we find that the trial court's award of legal custody of Kyle to Father was not against the manifest weight of the evidence and was not an abuse of discretion. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR GRANTING LEGAL CUSTODY TO FATHER WITHOUT PROPERLY CONSIDERING MOTHER'S REQUEST FOR A SHARED PARENTING PLAN.
In her second assignment of error, appellant contends that the trial court erred by not properly considering her request for shared parenting pursuant to R.C. 3109.04.
R.C. 2151.353(A)(3) authorizes a juvenile court to award legal custody of an adjudicated dependent child to either parent in the disposition phase of the dependency proceedings. However, R.C. 2151.23(F)(1) requires that a juvenile court exercise its jurisdiction in child custody matters in accordance with R.C.3109.04. In re Poling (1992), 64 Ohio St.3d 211, 216.
Regarding the allocation of parental rights and responsibilities, R.C. 3109.04(A)(1) states in pertinent part:
 If neither parent files a pleading or motions in accordance with division (G) of this section * * * the court shall allocate the parental rights and responsibilities for the care of the children primarily to one of the parents, designate that parent as the residential parent and legal custodian of the child.
During the course of her testimony, appellant stated that the "ideal situation would be to do shared parenting." However, appellant never filed a motion requesting shared parenting, nor did she submit a proposed shared parenting plan as required by R.C. 3109.04. As appellant failed to comply with the statutory requirements, there was no shared parenting plan before the trial court for its consideration. The trial court was well within its discretion to grant sole legal custody of Kyle to Father.
Appellant also contends that the trial court failed to find a change of circumstances as required by R.C. 3109.04(E)(1)(a). However, in its decision, the trial court clearly states: "There has been a significant change in Kyle's circumstances due to his mother's loss of stability." This finding is supported by ample evidence.
It should be noted that a finding of a change of circumstances was not necessary to make a custody order in the present case. A change of circumstances standard must be applied only where a prior decree has allocated parental rights and responsibilities and the trial court has been asked to modify that decree. R.C. 3109.04(E)(1)(a). In the present case, the record fails to disclose any prior decree allocating parental rights and responsibilities for the care of Kyle. Therefore, the juvenile court's disposition of the child in terms of the dependency proceeding and award of legal custody to Father constitute an initial award of custody, not a modification of a prior decree. See In re Wells (1995), 108 Ohio App.3d 41, 44.
When determining the initial allocation of parental rights and responsibilities for the care of children, a trial court must apply a best interest of the child standard. R.C.3109.04(B)(1). Therefore, the juvenile court appropriately applied the best interest standard in its decision awarding legal custody of the Kyle to Father. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2151.03(A) states in relevant part:
 As used in this chapter, a "neglected child" includes any child:
* * *
 (2) Who lacks adequate parental care because of the faults or habits of the child's parents, guardian or custodian;
 (3) Whose parents, guardian, or custodian neglects the child or refuses to provide proper or necessary subsistence, education, medical or surgical care or treatment, or the care necessary for the child's health, morals, or well being[.]
[2] R.C. 2151.04 states in relevant part:
As used in this chapter, "dependent child" means any child:
* * *
 (C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming his guardianship[.]