OPINION
This matter presents a timely appeal from a decision rendered by the Jefferson County Common Pleas Court, overruling the motion for reallocation of parental rights and responsibilities filed by plaintiff-appellant, Becky Sue Helt.
Appellant and defendant-appellee, Gary William Helt, were granted a final divorce by the trial court on February 3, 1992. At such time, appellant was designated the residential parent for the parties' six minor children, two of whom were subsequently emancipated. On February 11, 1997, appellee filed a motion for modification of parental rights and responsibilities concerning the parties' four remaining minor children. Appellee alleged that appellant had been involved in illegal drug usage and other illegal acts in the home where the children resided. Attached to appellee's motion was an affidavit from Susan Bell, a detective with the Jefferson County Sheriff's Department, who stated that in light of an investigation made regarding appellant's home situation and interviews with the minor children conducted by the sheriff's department, it was in the best interests of the minor children to be removed from appellant's home and placed in the temporary care of appellee. The trial court issued an ex-parte
order on February 11, 1997, granting temporary parental rights and responsibilities for the minor children to appellee pending a full hearing.
The trial court subsequently commenced a hearing on appellee's motion. Following in-camera interviews with the minor children by the trial judge, the parties reached a resolution of the pending issues and by an agreed journal entry filed July 10, 1997, appellee was designated as the residential parent for the minor children. The minor children were further given the right to refuse to exercise visitation with appellant.
On November 6, 1997, appellee filed a motion to make defendants-appellees, Michael E. Helt and Linda Helt, party defendants to this case in order to facilitate the placement of the minor children with said parties. Appellees were the paternal uncle and aunt of the minor children. On November 12, 1997, appellees filed a motion requesting that the trial court designate them residential custodians of the minor children, who were currently living with them. Appellees also stated in their motion that although they exercised due diligence, they were unable to ascertain appellant's address and therefore, were unable to serve her with their motion. On the same date, the trial court filed its journal entry noting that appellees' motion came on for hearing without notice and that neither the natural mother nor the natural father of the minor children were currently able to properly provide for said minor children. The trial court therefore designated appellees as residential custodians of the minor children. Appellee, Gary William Helt, acknowledged his agreement with the trial court's judgment by signing the journal entry.
On December 12, 1997, appellant filed a motion for reallocation of parental rights and responsibilities with regards to the parties' three remaining minor children. Appellant alleged that as she now lived in Florida, was a licensed practical nurse and had substantial employment, it would be in the best interests of the minor children that she be designated the residential parent. A hearing was held before the trial court with regards to appellant's motion on December 22, 1997. Aside from appellant's testimony, three additional witnesses testified on her behalf.
Upon due consideration of the evidence and testimony offered at hearing, the trial court filed its journal entry on December 23, 1997, overruling appellant's motion. This appeal followed.
Appellant neither addresses nor sets forth any specific assignment of error with regards to the trial court's decision rendered December 23, 1997, from which her appeal was taken. Rather, appellant first takes issue with the trial court's decision rendered July 10, 1997, wherein the parties agreed by journal entry that appellee be designated the residential parent for the minor children. Appellant generally maintains that no drugs, drug paraphernalia or evidence of drug usage was ever found in her home and no charges alleging criminal activity were ever brought against her or her fiancé. Therefore, appellant maintains that were it not for the false statements made by her two eldest daughters, a reallocation of parental rights and responsibilities regarding the minor children would never had occurred.
Appellant also complains that the trial court abused its discretion in designating appellees, the paternal uncle and aunt of the minor children, as residential custodians, by journal entry filed November 12, 1997. Appellant claims that all appellees knew her whereabouts and proper address and therefore, were obligated to serve her with the motion requesting a designation of residential custodian status for the minor children. Other than appellant's own self-serving statements, no additional evidence was offered to substantiate her assertion.
Finally, with regards to the trial court's decision filed December 23, 1997 overruling appellant's request to be designated the residential parent of the parties' remaining minor children, appellant argues that the children indicated their desire to live with her in Florida. Appellant contends that the testimony offered by her witnesses at the hearing before the trial court supported this fact. Appellant also states that in addition to the fact she has a better job in Florida and is better able to care for the minor children, she informed the trial court that she would easily be able to obtain adequate housing for the children if designated the residential parent.
App.R. 16 reads, in pertinent part:
 "(A) Brief of the Appellant. The appellant shall include in its brief, under the headings and in the order indicated, all of the following:
"* * *
 "(3) A statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected.
"* * *
 "(6) A statement of facts relevant to the assignments of error presented for review, with appropriate references to the record in accordance with division (D) of this rule.
 "(7) An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies. The argument may be preceded by a summary."
Appellant has failed to set forth any specific assignment of error regarding the trial court's judgment of December 23, 1997 and likewise, has failed to set forth both a statement of facts relevant to a specific assignment of error and a relevant argument; all in contravention of App.R. 16(A). Notwithstanding the fact that appellant has failed to comply with App.R. 16, appellant's argument with regards to the trial court's December 23, 1997 judgment is unclear and is otherwise without merit.
The statutory provision applicable to modifications of orders concerning the allocation of parental rights is R.C.3109.04(E)(1)(a)(iii), which provides, in pertinent part:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, * * *, that a change has occurred in the circumstances of the child, his residential parent, * * *, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree * * *, unless a modification is in the best interest of the child and * * * The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
Accordingly, three elements must exist in order for the trial court to properly change the holder of the title of residential parent: (1) there must be a change in circumstances; (2) the modification of allocation of parental rights and responsibilities must be in the children's best interests; and, (3) any harm to the children from moving in with the parent requesting the modification must be outweighed by the advantages of such a move.
A trial court has the power to exercise broad discretion in matters concerning the allocation of parental rights and responsibilities, and its decision shall not be disturbed on appeal absent a showing of an abuse of such discretion. Mastersv. Masters (1994), 69 Ohio St.3d 83, 85. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The discretion exercised by the trial court must be given our utmost respect as the trial court is in a superior position to evaluate the parties' credibility and the relevant factors. (See,Miller v. Miller (1988), 37 Ohio St.3d 71, 74).
Although appellant takes issue with the trial court's judgment rendered July 10, 1997 and the judgment of November 12, 1997, her arguments concerning any alleged errors are meritless as no appeal was taken from such decisions within the time frame prescribed by the appellate rules. Therefore, appellant's contentions are untimely and any alleged errors have been waived.
Contrary to appellant's contention that the minor children expressed a desire to live with her in Florida, appellant's eldest daughter, Kelli Burch, testified that she had not heard any of the children express such desire and in fact, when she questioned a younger sibling about living with appellant, said sibling denied wanting to do so. (December 27, 1997 Tr. 33-34). Additionally, although appellant maintained that she could obtain appropriate housing for the minor children if designated the residential parent, she acknowledged that she was still currently living with the same person in Florida with whom she had resided in Ohio and that they lived in a one-bedroom apartment. (December 27, 1997 Tr. 17)
The trial court clearly and properly determined that appellant did not meet all of the required elements in order to effect a reallocation of parental rights and responsibilities. At the end of the hearing on appellant's motion, the trial court stated, in pertinent part:
 "The Court is limited to what it can do in these situations by Section 3109.04 of the Revised Code. It has to make certain findings before it can go ahead and order some sort of a change. That change would have had to have occurred since the last order was made by the Court that allocated the parental rights and responsibilities.
"* * *
 "The way I see it is this. Mrs. Helt has relocated to Florida, * * * One of the parents and at least the people with whom custody has been entrusted have not indicated consent to the move. Mrs. Helt is still living with the same person she was living with before. What they're doing may or may not have changed but the facilities in which they are living are not adequate for three children and themselves.
 "I don't see where there's been any testimony presented that a modification at this time is in the best interests of the children. * * *". (December 27, 1997 Tr. 41-43).
As we held in Nentwick v. Nentwick (Feb. 18, 1998), Jefferson App. No. 96-JE-27, unreported, "simply pointing to factors that might have weighed in favor of revision, as appellant does, does not establish that the trial court's attitude was unreasonable, arbitrary, or unconscionable." Given the specific circumstances presented in this matter, the trial court did not abuse its discretion in overruling appellant's motion for reallocation of parental rights and responsibilities.
Appellant's arguments on appeal are found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J., and Vukovich, J., concurs.
APPROVED:
 ________________________________ EDWARD A. COX, PRESIDING JUDGE