MASTERS, APPELLANT, *v.* MASTERS, APPELLEE.

[Cite as *Masters v. Masters* (1994), 69 Ohio St.3d 83.]

(No. 92–668—Submitted February 1, 1994—Decided April 27, 1994.)

84

---

*Clayton P. Osting,* for appellant.

*Daley, Balyeat, Balyeat & Leahy* and *Andrew C. Balyeat,* for appellee.

PFEIFER, J. It has long been a recognized rule of law that for a reviewing court to overturn a trial court's determination of custody, the appellate court must find that the trial court abused its discretion. The abuse of discretion standard has been defined as " ' "more than an error at law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." ' " *Miller v. Miller* (1988), 37 Ohio St.3d 71, 73–74, 523 N.E.2d 846, 849.

We find that when the trial court sustained Shawn's motion to modify custody, it abused its discretion.

Courts are not permitted to modify custodial arrangements on a whim. Instead, former R.C. 3109.04(B)(1) [1] requires:

"Except as provided in division (B)(2) of this section, the court shall not modify a prior custody decree unless it finds that the custodial parent or one of the joint custodial parents continuously and willfully has denied the other parent his right to visitation in accordance with an order of the court, or it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his custodian, or either joint custodian, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the custodian or both of the joint custodians designated by the prior decree, unless one of the following applies:

"(a) The custodian or both joint custodians agree to a change in custody.

"(b) The child, with the consent of the custodian or of both joint custodians, has been integrated into the family of the person seeking custody.

"(c) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.

"(d) The custodial parent or one of the joint custodial parents continuously and willfully has denied the other parent his or her right to visitation in accordance with an order of the court."

Although it might be possible to reverse the trial court because its finding that the intention of one parent to leave the state does by itself empower a court to modify custody pursuant to former R.C. 3109.04(A), we instead focus on the court's determination that Monica intended to leave Ohio.

In oral argument, appellee's counsel conceded that the only reason why the trial court modified custody was it determined that Monica intended to move from the state. In its opinion, the trial court cites Monica's motion to remove

---

1. This version of R.C. 3109.04 was in effect at the time that Shawn filed his motion to modify custody. See 143 Ohio Laws, Part IV, 5957, 5965.

Meredith from the state as the only evidence to support its conclusion that Monica intended to leave the state.

We hold that it is an abuse of discretion for a court to use a document filed in compliance with a local rule as the only evidence to remove the child from the mother's custody. The filing of a motion to remove the child from Ohio that merely reflects the mother's "desire" to leave the state does not on its own constitute a substantial change in circumstances under former R.C. 3109.04.

To hold to the contrary would produce an unconscionable result. A custodial parent contemplating the possibility of moving from the state would be deterred from complying with the local rule, because, by complying with the rule, she would be immediately jeopardizing her custodial rights with her child—whether or not the motion is granted. This absurd result was not intended by the General Assembly when it specifically delineated in former R.C. 3109.04(A) those circumstances which warrant a modification of custody.

The trial court abused its discretion because we hold it is unconscionable for a trial court to modify custody when the only evidence supporting its conclusion is the filing of a motion to remove the child from the state, which reflects a desire to leave the state and which must be filed according to local rule. The record reveals no defensible reason to modify the custody of Meredith Masters.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

A.W. SWEENEY, DOUGLAS, YOUNG, RESNICK and F.E. SWEENEY, JJ., concur.

MOYER, C.J., concurs in judgment only.

FREDERICK N. YOUNG, J., of the Second Appellate District, sitting for WRIGHT, J.