DAVIS, Appellant,

v.

Davis, n.k.a. WILSON, Appellee.

[Cite as *Davis v. Wilson* (1997), 123 Ohio App.3d 19.]

Court of Appeals of Ohio,
Twelfth District, Warren County.

No. CA96–12–121.

Decided Sept. 22, 1997.

*Allen & Crossley* and *Mitchell W. Allen,* for appellant.

*Karen S. Williams,* for appellee.

POWELL, Judge.

On June 12, 1993, plaintiff-appellant, Mark Davis, and defendant-appellee, Crystal Sue Wilson, were married in Monterey, California. Appellee subsequently gave birth to the parties' only child, Ashley Davis, on December 21, 1993.

In December 1995, appellant filed a complaint for divorce in the Warren County Court of Common Pleas. A final hearing was held on July 30 and October 11, 1996, at which the trial court heard testimony relevant to the issue of child custody. The trial court then issued a detailed written decision and a

divorce decree in which it awarded custody of Ashley to appellee. Appellant now appeals, setting forth the following assignment of error:

"The trial court erred in granting custody of the parties' minor child to appellee on the basis that appellee's parents, with whom appellee lives, would provide a good home for the child."

A trial court has broad discretion to determine what custody arrangement is in a child's best interest under R.C. 3109.04. *Thrasher v. Thrasher* (1981), 3 Ohio App.3d 210, 214, 3 OBR 240, 243–244, 444 N.E.2d 431, 434–435. An appellate court must not disturb a trial court's custody determination unless there has been an abuse of discretion. *Masters v. Masters* (1994), 69 Ohio St.3d 83, 85, 630 N.E.2d 665, 666–667.

Appellant argues that the trial court should not have considered the fact that appellee is currently living with her parents in California and that appellee's parents have been assisting her in caring for Ashley when conducting its best-interest analysis under R.C. 3109.04(F)(1). We disagree.

R.C. 3109.04(F)(1)(c) requires a trial court to consider "[t]he child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest" when making an award of custody in a divorce action. The fact that appellee is currently living with her parents and that appellee's parents have demonstrated a strong commitment toward Ashley by helping appellee care for her is certainly relevant to whether an award of custody to appellee is in Ashley's best interest under R.C. 3109.04(F)(1)(c). See *Burden v. Burden* (Dec. 13, 1996), Greene App. No. 96–CA–56, unreported, 1996 WL 715436; *Dixon v. Dixon* (Nov. 4, 1994), Clark App. No. 94–CA–25, unreported, 1994 WL 603221. Accordingly, the trial court did not abuse its discretion by considering the role appellee's parents play in Ashley's life as one factor in its best-interest analysis.

Appellant also argues that the trial court abused its discretion by considering Ashley's relationship and interaction with her maternal grandparents without first determining that he was an "unsuitable" parent. Appellant relies on the Ohio Supreme Court's decision in *In re Perales* (1977), 52 Ohio St.2d 89, 6 O.O.3d 293, 369 N.E.2d 1047.

In *Perales,* the Supreme Court held that a juvenile court may not award legal custody to a nonparent unless it first determines that both of the child's parents are "unsuitable." *Id.* at syllabus. However, there is nothing in the language of *Perales* which indicates that a trial court must make a finding that one of the child's parents is "unsuitable" before it may consider a child's relationship with his or her grandparents as one factor in its best-interest analysis under R.C. 3109.04(F)(1)(c) when rendering an award of custody incident

to a divorce proceeding. Therefore, we find that the rule enunciated in *Perales* has no application to this case. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WILLIAM W. YOUNG, P.J., and KOEHLER, J., concur.