Dawn M. Stasek appeals from a judgment of the domestic relations court which adopted a magistrate's decision and modified parental rights and responsibilities by designating Robert Stasek as residential parent and awarding him legal custody of their three children. Dawn Stasek contends the court abused its discretion in adopting the magistrate's decision because she contends the harm likely to be caused by the change in the environment of the children is not outweighed by the advantages of the change, and the court did not properly consider the statutory factors in making this determination.
The record before us reflects the parties were married on August 19, 1989, and had three children, Donald, Corryn, and Damian. The original judgment entry of divorce incorporated a written shared parenting plan which provided for the children to make their principal place of residence with the mother and offered liberal visitation to the father.
On November 29, 1996, Robert, the father, filed a motion to modify parental rights, seeking designation as the residential parent and legal custodian of the children, alleging by way of affidavit that on November 8, 1996, Dawn had ordered Donald, then age 12, to leave her house and that Donald had traveled four or five miles to seek shelter at the home of Robert's sister. On July 15, 1997, the magistrate conducted a hearing at which it received testimony from several witnesses. Dawn presented Jenna Watts, a licensed social worker with the Cuyahoga County Department of Children and Family Services, John Morino, a family counselor from the Berea Children's Home who worked with the family, and Lugena Middleton, a personal friend. Robert presented testimony from Ellen Pryor, a licensed social worker with the Family Conciliation Service of the Domestic Relations Court.
The magistrate then issued a decision in which it found:
 A change in circumstances has occurred since the date of the parties' divorce due to Donald's escalating behavioral problems and Dawn Stasek's exercise of poor judgment in her relationship with Todd Baldwin. The changes are sufficient to warrant a reallocation of parental rights and responsibilities. A modification of the existing parenting plan would serve the best interests of the minor children. Any disruption or inconvenience to the minor children which might result from a change in their residence would be outweighed by the advantages of a new household environment. It would be in the best interests of the minor children for Robert Stasek to be designated as their residential parent and legal custodian effective July 15, 1997.
Following consideration of Dawn's objections, the court adopted the magistrate's report and designated Robert residential parent and awarded him legal custody of the children. Dawn now appeals from this judgment and raises the following two assignments of error for our review:
I.
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING A CHANGE OF CUSTODY SINCE THE HARM LIKELY TO BE CAUSED BY A CHANGE IN THE ENVIRONMENT WAS NOT OUTWEIGHED BY THE ADVANTAGES OF THE CHANGE OF ENVIRONMENT TO THE CHILDREN (R.C. 3109.04(E)(A)(III)).
II.
 THE TRIAL COURT ERRED IN SUSTAINING THE MAGISTRATE'S DECISION WHICH WAS AGAINST THE MANIFEST WEIGHT OF EVIDENCE AND THE COURT ERRED AND ABUSED ITS DISCRETION IN THE APPLICATION OF R.C. SECTIONS 3109.04(F)(1) AND F(2) IN DETERMINING THE BEST INTEREST OF THE CHILDREN.
Dawn essentially contends the court erred by adopting the magistrate's decision because the evidence presented at the hearing did not support the finding. Robert maintains the court did not abuse its discretion in adopting the magistrate's decision because the record supports the magistrate's determinations. The issue before us, then, is whether the court abused its discretion in adopting the magistrate's decision.
We note at the outset that an appellate court must uphold the trial court's allocation of parental rights and responsibilities, absent an abuse of discretion which implies that the court's attitude is unreasonable, arbitrary, or unconscionable. See Masters v. Masters (1994), 69 Ohio St.3d 83. Further, Civ.R. 53(E)(4)(b) provides in relevant part:
 Upon consideration of any objections, the court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter * * *.
R.C. 3109.04 concerns the allocation of parental rights and states in pertinent part as to a modification of such rights:
 (E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree * * * that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interests of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree * * * unless a modification is in the best interest of the child and one of the following applies:
* * *
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the child of environment to the child.
R.C. 3109.04(F)(1) and (F)(2) set forth factors the court must consider in determining the best interests of the child and state in relevant part:
 (F)(1) In determining the best interest of a child * * * the court shall consider all relevant factors, including, but not limited to:
 (a) The wishes of the child's parents regarding his care;
 (b) If the court has interviewed the child * * * regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;
 (c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to his home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
 (f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 (g) Whether either parent has failed to make all child support payments * * *;
 (h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child * * *;
 (i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent his or her right to visitation in accordance with an order of the court;
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
 (2) In determining whether shared parenting is in the best interest of the children, the court shall consider all relevant factors, including, but not limited to * * *:
 (a) The ability of the parents to cooperate and make decisions jointly, with respect to the children;
 (b) The ability of each parent to encourage the sharing of love, affection, and contact between the child and the other parent;
 (c) Any history of, or potential for, child abuse, spouse abuse, other domestic violence * * *;
* * *
In this case, the magistrate specifically applied the statutory factors and made the following findings in its decision:
 (a) both parents desire to be the residential parent of all three minor children; (b) the minor children were interviewed by a social worker rather than the court and their wishes and concerns concerning the allocation of parental rights and responsibilities, if any, were addressed in an evaluative clinical report; (c) the children interact well with Robert Stasek, but Donald has had a historically "stormy" relationship with Dawn Stasek, characterized by police complaints and charges of unruliness; (d) the two youngest children are comfortable in their present, parochial school, St. Rocco's, in Cleveland, but Donald does not function well in his existing Cleveland public school environment; (e) there is a great deal of stress upon all members of this family, but their general health is good; (f) Robert Stasek pledges with sincerity to honor and facilitate visitation between Dawn Stasek and the minor children should he become their residential parent; Mr. Stasek's visitation with the children has been occasionally disrupted by circumstances wholly attributable to Ms. Stasek; (g) Mr. Stasek is not in arrears of his child support obligation; (h) neither parent has been convicted of a criminal offense involving child abuse or neglect; (i) Ms. Stasek has not continuously and wilfully denied Mr. Stasek his right to visitation; and, (j) neither parent plans to move outside the state in the foreseeable future.
Our review of the record reveals that a change in circumstances has occurred since the time of the original decree, and the evidence adduced at the hearing before the magistrate supports the determination that a change in custody is in the best interests of the children. Therefore, the court's judgment adopting the magistrate's decision in connection with these matters does not constitute an abuse of discretion, and we conclude its judgment is not against the manifest weight of the evidence.
Accordingly, these assignments of error are without merit, and they are therefore overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Domestic Relations Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, J., and JAMES D. SWEENEY, J., CONCUR
 _______________________________ PRESIDING JUDGE TERRENCE O'DONNELL
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(a).