OPINION
This is an appeal from a judgment entry of the Common Pleas Court of Allen County dated March 21, 1997, denying the motion of Appellant Lima Memorial Hospital ("LMH") for relief from judgment pursuant to Civ. R. 60(B), and from the jury verdict journalized September 30, 1998, awarding $75,000 to Appellee Elsie Smith for medical expenses, pain and suffering and wages lost as a result of a fall while she was a patient at the hospital.
The hospital asserts the following two assignments of error:
 The trial court abused its discretion in denying LMH's Civ R. 60(B) motion for relief from judgment on the grounds that the affidavits submitted in support of this motion were insufficient to establish excusable neglect.
 The trial court erred in denying LMH's motion for directed verdict as to Smith's claim of loss of profits.
The hospital, for its first assignment of error, seeks a finding that the trial court abused its discretion in failing to grant relief from the January 31, 1997 default judgment granted against the hospital alleging that the hospital excusably failed to file a timely answer to the complaint due to the neglect of an employee. The employee failed to process the appellee's complaint in accordance with counsel's prescribed procedure and protocol.
An abuse of discretion is more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. Masters v. Masters (1994), 69 Ohio St.3d 83,85.
Civ R. 60(B) provides that a court may relieve a party from judgment for excusable neglect on a motion timely filed. To prevail on such a motion, the movant must show, in addition to one of the grounds stated in the rule, that there is a meritorious defense or claim to present if the relief is granted. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146.
The trial court found that the motion was timely filed and that the hospital had a possible valid defense to present but also found that the neglect was not excusable and showed a disregard for the judicial system. Upon reviewing the affidavits submitted in conjunction with the motion for relief from judgment, we agree with the trial court.
The affidavit of Chris Cosaro, assistant to Kevin Webb, Vice President of Risk Management for the hospital, points out that she was instructed to forward the complaint immediately to the hospital's liability carrier with a copy to hospital counsel Michael J. Malone. She received the appellee's complaint on December 26, 1996, but through oversight, placed it in a file and failed to forward it as instructed. On February 7, 1997, she realized her error when she received a copy of the judgment entry of default and she notified counsel immediately of the situation.
The affidavit of counsel Malone indicates that as early as June 1996, it was brought to his attention that assistant Cosaro was not forwarding complaints in a timely fashion. In spite of this early warning, Webb and Malone continued the same procedure. They saw fit to make special personal efforts on separate occasions in December 1996, and January 1997, to inspire Cosaro to follow the procedure and protocol. Malone also followed up with a letter to Cosaro in January 1997 — all to no apparent avail.
The affidavits of Malone and Webb both state that as a result of this neglect, the hospital "has taken immediate steps" to insure that, in the future, the hospital forwards all complaints to the insurer and counsel.
As the trial court points out, the hospital, with its Risk Management Department and Risk Counsel, is not a novice to litigation. If it was apparent in June, 1996, that there was a problem and the problem continued into December prompting Webb and Malone to counsel with Cosaro, the question becomes why the hospital did not take the "immediate steps" prior to this incident to insure that the complaints were properly forwarded. Having failed to do so, it is evident that the conduct of the hospital is not excusable and combined with those whose conduct is imputable to it, it exhibited a disregard for the judicial system and the rights of appellee. Griffey v. Rajan (1987), 33 Ohio St.3d 75.
Thus, the trial court did not abuse its discretion in not granting the motion for relief and the first assignment of error is overruled.
In the second assignment of error, Appellant claims that appellee's evidence regarding lost wages was speculative, at best, and that the appellant's motion for directed verdict thus should have been granted. Appellee states that there is sufficient evidence on which to find profits based upon the testimony of Elsie Smith and other witnesses.
In actions for damages for personal injury, one of the elements of damage is the impaired earning power of the injured party and the loss of personal earnings suffered during such time as the injured party was either wholly or partially incapacitated. The correct rule for compensating the injured party who has an established business is to ascertain how much less valuable the business was by reason of the interruption and to allow that amount as damages. Proof with certainty or mathematical exactness is not required, nor need the proof be clear and indubitable, but the damages cannot be left to mere conjecture. 25A Corpus Juris Secundum (1966) 70-72, Damages, Section 162. Therefore, the best proof available under the facts should be required. LoSchiavo v. Northern Ohio Traction Light Co. (1922), 106 Ohio St. 61; Gibbons v. Baltimore O. R. Co. (1952), 92 Ohio App. 87.
In this case, Elsie Smith, age 87, is a shoe cobbler. Her life expectancy is 2.84 years. T.p. 302. She testified that she draws social security based upon her late husband's earnings but that she made her living from her cobbler business. In a "real good year", like 1990-1, she made about $4,000 per year. She believes that 1995 is the last year that she filed an income tax return. She does not recall what she made that year but her best estimate is that in 1995 she made $2500-$3000. She did not produce any tax returns and doesn't know if she has them anymore.
Appellant comments in its brief that Smith does not have any documentation of her earnings. However, since she broke her hip in March 1995, she can't do her regular cobbler business. She now just does small jobs like sewing handles on pocket books for friends. For this work she does not maintain exacting records and she often does not charge or she makes just a few dollars which would not warrant her filing a tax return. (T.pp. 143, 147, 149, 190, 191). Therefore, the best available evidence of her earnings is her memory. This evidence was not mere conjecture and was not contradicted.
Based upon the foregoing, the jury had some evidence to consider in determining lost earnings and apparently found it to be credible. The trial court thus did not err as a matter of law in denying the motion for the directed verdict on this issue.
The second assignment of error is also overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
WALTERS, J., concurs.