DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Wood Count Court of Common Pleas, Domestic Relations Division, which denied plaintiff-appellant Laurie A. Lockom's motion for leave to remove the minor children from the court's jurisdiction. From that judgment, appellant assigns the following as error:
 "FIRST ASSIGNMENT OF ERROR: THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY IMPROPERLY ALLOCATING THE APPELLANT'S BURDEN OF PROOF REGRDING [SIC] HER MOTION FOR LEAVE TO REMOVE THE CHILDREN FROM THE JURISDICTION OF THE COURT.
 "SECOND ASSIGNMENT OF ERROR: THE TRIAL COURT ERRED IN FAILING TO REVISE THE SHARED PARENTING PLAN TO ALLOW THE APPELLANT TO RELOCATE AND MAINTAIN HER PRIMARY PHYSICAL CUSTODY OF THE CHILD [SIC]."
Appellant and appellee, Steven P. Lockom, were divorced on February 10, 1997. Incorporated into the final judgment entry of divorce was a Shared Parenting Plan that was filed with the court on February 7, 1997 and that defined the parties rights and responsibilities with respect to their two minor children, Francis, born May 5, 1989, and Alexandra, born February 11, 1991. Under the Shared Parenting Plan, the parties equitably shared parental rights, responsibilities and decision-making. It further provided for living arrangements and determined that each parent shall be deemed the residential parent when the children are in that parent's possession. Under the plan, however, appellant had possession of the children more often than did appellee. Relevant to the present case, the plan provided:
 "XIII. Moving: The parents agree that neither party shall move from Wood County so as to remove the children from the purposes of this plan without notification to the other and consent of the other, except that notification or consent shall not be required for an adjacent county. At all times each parent shall be provided the other's current address and telephone number."
On July 30, 1998 appellant filed with the trial court a notice, pursuant to R.C. 3109.051(G)(1), of her intention to relocate outside of the state of Ohio. Appellant indicated that she intended to move to Chicago, Illinois in order to marry and that her fiance had moved to Chicago for professional reasons. In response, appellee filed a motion for a temporary restraining order to prevent the children from being removed from Wood or Lucas Counties. On August 5, 1998, the lower court granted that order. Subsequently, appellant filed a motion for leave to remove the minor children from the jurisdiction of the court. The court then appointed a guardian ad litem for the minor children. The guardian ad litem subsequently prepared a report that recommended that it was in the best interest of the Lockom children to remain in Wood or Lucas County.
On February 1, 1999, the case proceeded to a hearing at which appellant, appellee and the guardian ad litem testified. On February 4, 1999, the magistrate filed a decision which determined that the Lockom children shall remain in the jurisdiction of the Wood County Court of Common Pleas, Domestic Relations Division. On May 7, 1999, appellant filed objections to the magistrate's decision in which she argued that the magistrate erred in his allocation of the burden of proof. On July 26, 1999, the trial court filed an order upon consideration of appellant's objections and determined that, after considering the objections, the magistrate's decision, the testimony and exhibits submitted at the hearing, the magistrate's decision should be approved. It is from that judgment that appellant now appeals.
In her first assignment of error, appellant contests the trial court's allocation to her of the burden of proof in the proceedings below. This assignment of error addresses an issue that was raised by appellant in her trial brief regarding the burden of proof in the lower court proceedings. In that brief, appellant asserted that in a situation where a shared parenting plan does not contain a moving restriction, the parent with primary custody is free to relocate outside of the jurisdiction of the court as long as he or she files the requisite notice pursuant to R.C. 3109.051(G). Under that circumstance, appellant argued, a parent seeking to modify custody based on the other parent's relocation has the burden to establish that such relocation has caused actual harm to the children. Appellant then asserted that the inclusion of the moving restriction in the Shared Parenting Plan in the present case should not change the above law and that appellee had the burden of establishing that the relocation would be harmful to the children. The trial court disagreed and determined that appellant had the burden of proof to establish that the proposed move was in the best interest of the children. Appellant now challenges that determination.
In our view, appellant has misconstrued the nature of the proceedings that were before the trial court. The proceedings below came to that court on appellant's motion for leave to remove the children from the jurisdiction of the court. Neither party had, at that time, moved for a termination or modification of the shared parenting plan. Appellant's motion was essentially a motion to relocate the children. "Whether a motion to relocate will be granted turns on whether the relocation is in the best interest of the children." Rozborski v. Rozborski (1996),116 Ohio App.3d 29, 31. Moreover, "* * * the moving party bears the burden of establishing whether the requested relocation is in the best interest of the child[ren]." Id. Accordingly, the trial court did not err in its allocation of the burden of proof and the first assignment of error is not well-taken.
In her second assignment of error, appellant asserts that the trial court abused its discretion in failing to revise the Shared Parenting Plan to allow appellant to relocate and take the children with her. Appellant cites R.C. 3109.051(G)(1) as outlining the procedure the court is to follow when a parent seeks to relocate. That statute reads:
 "If the residential parent intends to move to a residence other than the residence specified in the visitation order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree. Except as provided in divisions (G)(2), (3), and (4) of this section, the court shall send a copy of the notice to the parent who is not the residential parent. Upon receipt of the notice, the court, on its own motion or the motion of the parent who is not the residential parent, may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the visitation schedule for the child."
Appellant asserts that pursuant to this statute, the only issue for the court's determination is whether it is in the best interest of the children to revise the visitation schedule in light of the impending relocation.
In our view, however, this statutory provision does not apply to a situation such as this in which parents share custody of their children under a shared parenting plan. Rather, "R.C.3109.051(G)(1) deals with relocation of the children after the court has designated one of the parents as the residential parent." Alvari v. Alvari (Feb. 2, 2000), Lawrence App. No. 99CA05, unreported. See, also, Detty v. Detty (Dec. 30 1999), Franklin App. No. 99AP-377, unreported. This conclusion is bolstered by the Supreme Court of Ohio's ruling in Braatz v.Braatz (1999), 85 Ohio St.3d 40. In that case, the court stated that R.C. 3109.051 "* * * specifically and in detail addresses the granting of parental visitation rights." Id. at 44. The court then quoted the following from its decision in In re Gibson
(1991), 61 Ohio St.3d 168, 171, in which the court explained the differences between custody and visitation:
 "`Visitation' and `custody' are related but distinct legal concepts. `Custody' resides in the party or parties who have the right to ultimate legal and physical control of a child. `Visitation' resides in a noncustodial party and encompasses that party's right to visit the child. * * * In other words, `visitation' is granted to someone who does not have `custody.' Although a party exercising visitation rights might gain temporary physical control over the child for that purpose, such control does not constitute `custody' because the legal authority to make fundamental decisions about the child's welfare remains with the custodial party and because the child eventually must be returned to the more permanent setting provided by that party."
Accordingly, the court in Braatz held that R.C. 3109.051 governs visitation rights while R.C. 3109.04 "governs agreements allocating `parental rights and responsibilities' * * *." Id. at 44. Because the parties in the present case shared "custody" of their children, we must conclude that R.C. 3109.051(G)(1) did not apply to the proceedings before the lower court.
Rather, in that appellant filed a motion for leave to remove the minor children from the jurisdiction of the court, the court was to determine whether such move was in the children's best interest. Ultimately, the court determined that it was not. Because the Shared Parenting Plan provided that the parties' children were to attend Perrysburg City Schools and because it included the moving provision, appellant's motion by implication requested a modification of the Shared Parenting Plan. Although the trial court stated that neither party had requested a modification or termination of the shared parenting plan, the court did examine the matter pursuant to R.C. 3109.04(E). That statute reads in relevant part:
 "(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
"* * *
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
"* * *
 "(2) In addition to a modification authorized under division (E)(1) of this section:
"* * *
 "(b) The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children."
Reviewing the facts of this case in light of the applicable law, the lower court first held that because appellant's proposed move to Chicago was not a substantial change in circumstances, the court could not modify the shared parenting plan pursuant to R.C. 3109.04(E)(1). We agree. It is well-settled that "[t]he filing of a motion to remove the child from Ohio that merely reflects the mother's `desire' to leave the state does not on its own constitute a substantial change in circumstances under * * * R.C. 3109.04." Masters v. Masters (1994),69 Ohio St.3d 83, 86.
Finally, the court determined that it was not in the best interest of the children to terminate the existing shared parenting plan. R.C. 3109.04(F)(1) provides in relevant part that in determining the best interest of a child pursuant to R.C.3109.04, the court shall consider all relevant factors, including, but not limited to:
 "(a) The wishes of the child's parents regarding his care;
"* * *
 "(c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) The child's adjustment to his home, school, and community;
 "(e) The mental and physical health of all persons involved in the situation;
 "(f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
"* * *
 "(j) Whether either parent has established a residence, or is planning to establish a residence outside this state."
The court reviewed the testimony of the parents and the guardianad litem and concluded that the parties appeared to have parented their children cooperatively, have participated in decision-making and have demonstrated their respective parental roles in the lives of their children. In addition to these specific findings it is noteworthy that the guardian ad litem
testified that the children's current home and school situation is healthy and thriving, that the children have successfully made the adjustment to life after divorce, and that they are involved with their friends and activities in Wood County. Accordingly, the guardian ad litem recommended that the children not be removed from Wood or Lucas Counties.
A trial court has broad discretion in determining issues relating to child custody. Davis v. Flickinger (1997), 77 Ohio St.3d 415,421. Accordingly, we will not reverse a trial court's judgment in custody matters absent a finding of an abuse of discretion. Id. at 418. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. Upon a review of the evidence submitted in the proceedings below and in light of the best interest factors set forth above, we cannot find that the trial court abused its discretion in refusing to revise the Shared Parenting Plan and thus in denying appellant's motion for leave to remove the minor children from the court's jurisdiction. Accordingly, the second assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Wood County Court of Common Pleas, Domestic Relations Division is affirmed. Court costs of this appeal are assessed to appellant.
Melvin L. Resnick, J., James R. Sherck, J., Mark L. Pietrykowski,J., CONCUR.