OPINION
Appellant, Stacy J. Noble, appeals from the October 5, 1999 judgment entry of the Trumbull County Court of Common Pleas, Domestic Relations Division.
Appellant and appellee, Kevin S. Vaupel were married on November 22, 1992. Addisen Elizabeth Vaupel ("Addisen"), the sole issue of that marriage, was born on June 1, 1994. A decree of dissolution of the marriage was entered on April 1, 1997. In that decree, appellant was named as the residential parent of Addisen. Pursuant to the parties' separation agreement, appellee was to pay $519.22 per month in child support.
On February 19, 1999, having been informed by appellant that she intended to relocate, with Addisen, to Peoria, Arizona, appellee filed a motion for change of custody and a motion for restraining order. On April 8, 1999, appellant filed notice of intent to relocate with the court. Subsequent to an August 20, 1999 hearing, a judgment entry was entered on September 14, 1999, prohibiting appellant from relocating to Arizona with Addisen, and denying appellee's motion for a change of custody. In denying appellee's motion for a change of custody, the court stated "[m]other should be the residential parent of Addison [sic] unless she moves to Arizona." In an October 5, 1999 judgment entry, the court overruled appellant's objections to the September 14, 1999 judgment entry.
Appellant has filed a timely appeal from the October 5, 1999 judgment entry, and makes the following assignment of error:
 "The trial court erred when it prohibited [appellant] from relocating to Arizona with her minor child."
 Appellant argues that pursuant to R.C. 3109.051(G)(1), when a residential parent files a notice of intent to relocate, the court cannot prevent the relocation of the child absent a prior agreement to the contrary. We agree.
R.C. 3109.051(G)(1) states that:
 "If the residential parent intends to move to a residence other than the residence specified in the visitation order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree. * * * Upon receipt of the notice, the court * * * may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the visitation schedule for the child."
 The rule in Ohio is that R.C. 3109.051(G)(1) does not give the trial court the authority to prevent the residential parent from relocating with the child. Moore v. Moore (Mar. 27, 1998), Portage App. No. 97-P-0008, unreported, at 3, 1998 WL 156983; Spain v. Spain (June 21, 1995), Logan App. No. 8-94-30, unreported, at 2, 1995 WL 380067. In the instant case, appellant was the residential parent, and there was no prior agreement preventing her from relocating with Addisen. Appellant's only obligation was to file a notice of intent to relocate with the court pursuant to R.C. 3109.051(G)(1). Based on appellant's filing of that notice, the trial court could schedule a hearing to address visitation issues, but it could not deny appellant the right to relocate.
This court will reverse a trial court's decision regarding the allocation of parental rights and responsibilities for the care of a child only in the event that the trial abused its discretion. Moore,supra, unreported, at 4. With regard to the case at hand, we conclude that the trial court abused its discretion by prohibiting appellant from relocating to Arizona.
Since the judgment entry in question also addressed custody issues outside the scope of this opinion, we remand this matter for further proceedings consistent with this opinion. In doing so, we would note that in Masters v. Masters (1994), 69 Ohio St.3d 83, 86, the Supreme Court of Ohio held that the "filing of a motion to remove [a] child from Ohio that merely reflects the mother's `desire' to leave the state does not on its own constitute a substantial change in circumstances under former R.C.3109.04." With respect to the case at hand, this court would likely view with disfavor any judgment entry that came before us on appeal that failed to take into consideration the foregoing holding in Masters.
Appellant's assignment of error is well-taken, and the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is reversed and remanded for further proceedings to implement a visitation schedule consistent with this opinion.
 _____________________________________ JUDGE DONALD R. FORD
O'NEILL, P.J., CHRISTLEY, J., concur.