OPINION
This is an appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant, Keyavnoosh Kassavei, appeals the trial court's judgment entry dated October 10, 2000, denying her motion to relocate.
Appellant and appellee, Ahmad Hosseinipour, were married on February 22, 1992, and a son, Zacharia Hosseinipour ("Zacharia"), was born as issue of the marriage on March 21, 1995. A divorce decree was entered on November 3, 1997. Appellant was designated residential parent of Zacharia. Appellee was granted supervised visitation with his son, and ordered to pay $395 per month in child support.
On October 19, 1999, appellant filed a motion to relocate to New Haven, Connecticut, with Zacharia explaining that it was for the purpose of remarrying and obtaining employment.[1] In that motion, she explained that the relocation was in the best interest of her son because it would provide him with a better quality of life and a more stable home environment. On January 18, 2000, appellee filed a motion for shared parenting, and appellant filed a motion to modify custody on May 10, 2000.
In a judgment entry dated October 10, 2000, the trial court denied appellant's motion to relocate explaining that it was not in the best interests of the child. The trial court dismissed all other pending motions. Appellant timely filed the instant appeal and now asserts the following as error:
 "I. The trial court erred when it issued an order restraining and enjoining [appellant] residential parent from removing the minor child from the court's jurisdiction[.]
 "II. The trial court erred when it used the wrong legal standard in considering whether the move to Connecticut would be in the best interests of the child.
 "III. The trial court erred by requiring [appellant] to live with the minor child within the court's jurisdiction which unconstitutionally restricts [appellant's] freedom to travel[.]"
 In her first assignment of error, appellant contends that pursuant to R.C. 3109.051(G), the trial court erred when it prevented her from relocating with Zacharia.
R.C. 3109.051(G)(1) deals with the relocation of a residential parent and states that:
 "If the residential parent intends to move to a residence other than the residence specified in the visitation order or decree of the court, the parent shall file a notice of intent to relocate with the court that issued the order or decree. * * * Upon receipt of the notice, the court, on its own motion or the motion of the parent who is not the residential parent, may schedule a hearing with notice to both parents to determine whether it is in the best interest of the child to revise the visitation schedule for the child." (Emphasis added.)
 Pursuant to the express terms of the statute, the trial court may schedule a hearing "to determine whether it is in the best interest of the child to revise the visitation schedule for the child." R.C. 3109.051(G)(1). However, the relocation statute contains no provision granting the trial court the authority to deny the relocation. In re Noble (Mar. 30, 2001), Trumbull App. No. 99-T-0154, unreported, at 4; Moore v. Moore (Mar. 27, 1998), Portage App. No. 97-P-0008, unreported, at 3, 1998 WL 156983. See, also, Spain v. Spain (June 21, 1995), Logan App. No. 8-94-30, unreported, at 2, 1995 WL 380067 (holding that "[t]he filing of the statutorily required notice [pursuant to R.C. 3109.051(G)(1)] does not, in and of itself, grant to the court the authority to prevent the party's relocating to another state.").[2]
In the case at hand, appellant was the residential parent of Zacharia, and there was no prior agreement preventing her from relocating. Appellant was only required to file a notice of intent to relocate with the court pursuant to R.C. 3109.051(G)(1).[3] Based on appellant's filing of that notice, the trial court could schedule a hearing to address visitation issues, but it could not deny appellant the right to relocate to Connecticut pursuant to our recent decisions in this district on this question.
In the instant matter, appellant, the residential parent of the child, filed a notice of intent to relocate to another state on October 19, 1999. Further, there was no prior agreement between the parents addressing the issue of relocation. Therefore, under the facts of this case, the trial court did not have the authority to prohibit appellant from relocating with the child. Appellant fulfilled her obligation as residential parent by submitting a notice of intent to relocate with the trial court pursuant to R.C. 3109.051(G)(1).
The appropriate standard of review here is abuse of discretion, which involves more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. This court will reverse a trial court's decision regarding the allocation of parental rights and responsibilities for the care of a child only in the event that the trial court abused its discretion. In re Noble, supra, unreported, at 5; Moore, supra, unreported, at 4. In the case at bar, it is our view that the trial court abused its discretion by preventing appellant from relocating to Connecticut, and furthermore, the decision was contrary to law. Appellant's first assignment of error is sustained.
Moreover, since the judgment entry in question addressed issues that are outside the scope of this opinion, we remand this matter for further proceedings consistent with this opinion. In doing so, we would note that in Masters v. Masters (1994), 69 Ohio St.3d 83, 86, the Supreme Court of Ohio held that the "filing of a motion to remove [a] child from Ohio that merely reflects the mother's `desire' to leave the state does not on its own constitute a substantial change in circumstances under former R.C.3109.04."
Appellant's first assignment of error is well-taken, and therefore, appellant's second and third assignments of error are rendered moot. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is reversed, and the case is remanded for further proceedings to implement a visitation schedule consistent with this opinion.
 ________________________________ PRESIDING JUDGE DONALD R. FORD
NADER, J., GRENDELL, J., concur.
[1] We note that the record reveals that appellant married Dr. Hassan Nayer ("Dr. Nayer") in June 1999. In March 1999, Dr. Nayer was accepted into the residency program at Yale University in New Haven, Connecticut.
[2] We note that our court recently released the In re Noble case, which the trial court and counsel would not have been aware of at the time it rendered its decision. Furthermore, the fact pattern in ourMoore case was somewhat different from our present case.
[3] Upon a careful examination of appellant's pleading, we note that it was in substance a notice to relocate, which was mislabeled as a motion to relocate. Nevertheless, we conclude that it conforms with R.C.3109.051(G)(1). Further, nowhere in the notice does appellant seek to modify custody.