OPINION
Timothy Clint is appealing the judgment of the Miami County Court of Common Pleas, overruling his motion to reallocate parental rights and responsibilities requesting sole custody of the parties' minor children.
Timothy Clint and Jennifer Gunter are the parents of four minor children; Beth Clint, Ryan Clint, Jillian Clint, and Justin Clint. Since August of 1999, Mrs. Gunter has retained custody of the children. In April of 2000, she married Steven Gunter. In August of 2000, Mr. Clint asked the court for custody of the four minor children. Mr. Gunter based his request upon Mrs. Gunter's move from Miami County to Clark County, that she smoked cigarettes in front of the children, her occasional marijuana use, and her lack of substantial employment since December of 1999.
Timothy Clint and Jennifer Gunter were granted their final decree of divorce in December of 1993. The parties have had extremely contentious and hostile divorce and child custody proceedings. Initially, in March of 1999, the parties entered into a shared parenting plan, but in August of 2000, Mrs. Gunter was granted sole custody of the children. A hearing was held on Mr. Clint's motion for reallocation of parental rights and responsibilities in December of 2000, which the magistrate overruled in March of 2001. The trial court adopted the magistrate's decision on July 10, 2001. Mr. Clint has filed this appeal from that decision.
Mr. Clint raises the following four assignments of error:
 1. THE TRIAL COURT ABUSED ITS DISCRETION AND ITS DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN IT FOUND THERE WAS NOT A CHANGE IN CIRCUMSTANCES WHICH WOULD WARRANT A REVIEW OF THE COURT'S PRIOR ORDER.
 2. THE TRIAL COURT ERRED IN FINDING THERE WERE NO SPECIAL CIRCUMSTANCES IN WHICH IT WOULD NOT BE IN THE BEST INTEREST OF THE CHILDREN TO CONSIDER THEIR WISHES.
 3. THE TRIAL COURT ABUSED ITS DISCRETION AND ITS DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN NOT FINDING THAT IT WAS IN THE BEST INTEREST OF THE MINOR CHILDREN THAT APPELLANT, TIMOTHY CLINT, BE NAMED RESIDENTIAL PARENT AND LEGAL CUSTODIAN.
 4. THE TRIAL COURT ERRED IN NOT RECALCULATING CHILD SUPPORT AND ORDERING PLAINTIFF TO PAY CHILD SUPPORT PURSUANT TO THE OHIO CHILD SUPPORT GUIDELINES.
In the first, second, and third assignments of error, Mr. Clint points to evidence presented at the hearing regarding Mrs. Gunter's move, her smoking, her use of marijuana, her health, and her employment record and argues that the trial court's decision was against the manifest weight of the evidence, in error for not finding that special circumstances existed warranting not considering the wishes of the children, and an abuse of discretion. We disagree.
The magistrate's decision succinctly stated the rationale for failing to find a change of circumstances and overruling Mr. Clint's motion for himself to be named the residential parent, as follows:
 Timothy Clint has filed a motion for modification of parental rights and responsibilities, requesting to be named residential parent and legal custodian of all of the parties minor children. The factors which a court must consider before it can modify a prior custody order are contained at Revised Code Section 3109.04(E). The applicable part of the above [statute] states:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree . . . that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child.
Thus, before the court can modify the August 10, 1999 Agreed Entry, the court must find that there has been a change of circumstances to warrant a change of custody. The Ohio Supreme Court has determined that the type of change which warrants a custody modification must be . . . "a change of substance[,] not a slight or inconsequential change." [Davis v.Flickinger (1997), 77 Ohio St.3d 415.] The Supreme Court went on to quote Chief Justice Moyer, while on the Tenth District Appellate Court, in [Wyss v. Wyss (1982), 3 Ohio App.3d 412]:
 The clear intent of that statute is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a "better" environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she may be able to provide a better environment.
[Davis v. Flickinger, supra.]
In the present case, the change in circumstance which prompted Mr. Clint to file the motion for change of custody was Mrs. Gunter's proposed relocation to Franklin County. However, the filing of a motion to relocate merely reflects the parents "desire" to leave the jurisdiction, and does not on its own constitute a change of circumstances of substance under Revised Code Section 3109.04. [Masters v. Masters (1994),69 Ohio St.3d 83; Lockom v. Lockom (Aug. 18, 2000) Wood App. No. WD-99-053, unreported.]
The evidence was presented to the court by counsel with the underlying assumption that the children would be either living with Mrs. Gunter in Columbus or the court would change custody to Mr. Clint. The move to Columbus was therefore the "change of circumstances" upon which the motion for custody was premised. No significant attention was devoted to the presence or absence of other factors which could constitute a change of circumstance. Since the Motion to Relocate has been overruled, the court must see if there was any other evidence of a change of circumstance which would warrant the court to modify the parental rights and responsibilities established in the Agreed Entry of August 10, 1999. In reviewing the evidence, the court can rule out one other factor that might be arguably a change of circumstance. For example, the move to Clark County was clearly one that was within the purview of the prior court order. That order permitted Mrs. Gunter to move to any county adjacent to Miami County without seeking prior court approval. Doing an act which was clearly contemplated by the prior decree can hardly constitute a change of substance which would justify reviewing the prior custody order.
The court also considers the remarriage of Jennifer Gunter and determines that it is also not a change of circumstance. Mr. Gunter has been known [to] Jennifer [Gunter] and her children for move than five (5) years. None of the children expressed any significant reservations about Steve Gunter. It should be noted that Mr. Gunter and Mr. Clint do not get along, but the deterioration in their relationship certainly predated Jennifer's remarriage. In any event, there was no showing that the marriage of the Gunter's was having any adverse affect on the children. The Guardian did have some criticism of Mr. Gunter for smoking cigarettes in the presence of the children. The Guardian also expressed some concern about Mr. Gunter's occasional, admitted marijuana use on the weekends when the children are with Mr. Clint. It should be noted that the Guardian has the same concerns with respect to Jennifer [Gunter] on these two (2) issues. The 1999 entry agreed to by the parties prohibits smoking by either party in the presence of the children either in an automobile or in their residence. While there was some evidence of occasional smoking in the home in the presence of the children, (in violation of the above order) there is no reason to believe that this is a substantial problem affecting the health of any child. No child in the interview raised any concerns about either Mrs. Gunter or her husband smoking. The Guardians' recommendation on the smoking issue was to continue to order that it not be tolerated in the presence of the children and to deal with violations through the contempt power of the court. The court notes that no contempt motion has ever been brought on this issue.
The marijuana issue is similarly one which has been an ongoing issue between the plaintiff and the defendant. The court notes that in February 1999, Tim Clint moved to modify parental rights and responsibilities and requested drug testing of the plaintiff. The agreed entry of August 10, 1999, which terminated Mr. Clint's shared parenting, did not address any issue related to the plaintiff's use of marijuana. Finally, there was nothing in the record that the plaintiff's occasional use of marijuana had any adverse affect on the children or that the children were even aware of its occurrence. See [Slone v. Slone (July 10, 1992), Greene App. No. 91-CA-0080, unreported]. As noted by the Supreme Court in [Davisv. Flickinger, supra], "the changed conditions[. . .] must [. . .] have . . . a materially adverse [effect] upon the child." . The court finds that neither the plaintiff's smoking cigarettes nor her occasional use of marijuana constitutes a change in circumstances which would warrant a review of the Agreed Entry of August 10, 1999. The motion of Timothy Clint for reallocation of parental rights and responsibilities is therefore overruled.
Magistrate's Decision, pgs. 6-9.
We find the rationale of the magistrate to be correct and we adopt the rationale as set forth by the magistrate in his decision as our own. Additionally, the trial court properly found that neither of the parties act in the best interests of the children and noted that it was a close call, as follows:
 This is a most difficult decision. The Court is not comfortable with either parent being named the residential parent and legal custodian of the minor children due to their collective inability to provide a stable and supportive parental environment for the children. The Court finds the report of Stephen King, Guardian Ad Litem, superbly written and insightful. However, the Court agrees with and adopts the Magistrate's findings and conclusions, as set forth in the Magistrate's Decision.
In addition, the Court is compelled to make a few general findings and observations. If the children weren't reasonably well adjusted one might conclude that the ongoing collective dysfunctional parental-team conduct of the parties constitutes actionable child abuse. Hopefully this is partially the result of each party focusing on their proof at the hearing on the faults of the other rather than the positive parental skills of himself/herself.
With the evidence submitted, the Court regrets having to choose either parent. These children deserve so much more united parental support and harmony than the parents are willing to give them. The children deserve two parents that work together and sacrifice their self interests for the sake of the children.
The children have apparently weathered an unacceptable atmosphere of hostile parental bickering by bonding as a unit. For the most part, they prefer to stay with their mother. Any conflicting interests and desires between the children to the contrary must give way to their staying together.
The Court is somewhat uncomfortable with this due to the lack of credibility in the testimony of the Plaintiff and her spouse at the hearing, their inexplicable smoking in the house when the children are there, and using marijuana, among other things. Nonetheless, the children are reasonably well adjusted in Clark County. The Magistrate correctly analyzed the legal effect of these matters, but it continues to haunt.
The residency of the children in Clark County with the Plaintiff is not the most beneficial result for either party or each of the children, but is the best resolution when considering the statutory factors including keeping the children together, the case law, and the conflicting interests of the parties and the various children. For these reasons and the reasons set forth by the Magistrate, the Court adopts the decision of the Magistrate.
Trial Court's Judgment pgs. 2-4.
We find that the decisions on these issues were correctly analyzed and determined by the trial court with the help of the magistrate's analysis and thus we adopt it as our own. We agree with the trial court that this is a close case as neither party has behaved in the best interests of the children. The divisiveness and contention between the parties is evidenced by the record of this case being five inches thick. Clearly, both parties are not working together to parent their children and spare them the stress of the parties' fighting. We do not find that the trial court's judgment was either an abuse of discretion or against the manifest weight of the evidence. Also, we do not find that any special circumstances existed which warranted disregarding the wishes of the children. The first, second, and third assignments of error are overruled.
As to Mr. Clint's fourth assignment of error, Mr. Clint argues that he should be awarded child support when this court reverses the trial court's decision and awards him custody of the children. As we are not reversing the trial court's decision and Mr. Clint is not receiving custody of the children, this assignment of error is moot.
The judgment of the trial court is affirmed.
BROGAN, J. and GRADY, J., concur.