[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Raising one assignment of error, Steven W. Thurner contends that the trial court erred when it denied his motion to reallocate parental rights. He argues that the court acted improperly by not ordering a custody investigation when it heard statements that, if proven, would have been considered a change of circumstances. Thurner contends that he was divested of his right to procedural due process by not having been heard with respect to the change of circumstances. Thurner further contends that the trial court based its opinion on former impressions of the parties, which directly contradicted the nature of new parenting issues and destroyed the spirit of Loc.R. 2.2 of the Hamilton County Court of Domestic Relations.
In determining whether a change of circumstances has occurred, we are mindful that custody issues are some of the most difficult and agonizing decisions that a trial court must face.[1] Therefore, a trial court must have wide latitude in considering the evidence.[2] When reviewing a trial court's determination to modify custody, its decision is subject to reversal only upon a showing that the trial court abused its discretion.[3] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[4]
Loc.R. 2.2 of the Hamilton County court of Domestic Relations addresses options available to the trial court when there is no agreement between parties to reallocate parental rights and responsibilities. The trial court may, after a determination hearing, dismiss the motion; refer the case to mediation, if appropriate; or order an investigation.[5] The rule makes clear that whether to order an investigation is a discretionary decision belonging to the trial court.
Under R.C. 3109.04(E)(1)(a), three factors generally guide a trial court's determination whether to modify a prior allocation of parental rights and responsibilities: (1) whether there has been a change in circumstances; (2) whether a modification is in the child's best interests; and (3) whether the benefits resulting from the change will outweigh any harm.[6] In the case at bar, Thurner's contention is that there has been a change in circumstances requiring a reallocation of parental rights and responsibilities and that an
investigation will likely prove the assertions in his motion. We disagree. In the Ohio Supreme Court's decision to reinstate a trial court's judgment in Davis v. Flickinger, the following is worth noting:
 The clear intent of that statute [R.C. 3109.04] is to spare children from a constant tug of war between their parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a "better" environment. The statute is an attempt to provide some stability to the custodial status of the children, even though the parent out of custody may be able to prove that he or she can provide a better environment.[7]
Before making its decision to dismiss Thurner's motion in this case, the trial court heard from Thurner's counsel, queried his former wife, and met with Thurner's children privately in chambers. After reviewing the record, including the sealed transcript of the trial court's separate meetings with Thurner's children, we hold that the trial court did not abuse its discretion in dismissing Thurner's motion and in doing so without ordering an investigation at the time. Accordingly, the single assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.
[1] See Beaver v. Beaver (2001), 143 Ohio App.3d 1, 17-18,757 N.E.2d 41.
[2] See id. at 18, citing Miller v. Miller (1988), 37 Ohio St.3d 71,523 N.E.2d 846.
[3] See Masters v. Masters, 69 Ohio St.3d 83, 85, 1994-Ohio-483,630 N.E.2d 665.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
[5] See Loc.R. 2.2 of the Hamilton County Court of Domestic Relations.
[6] See R.C. 3109.04(E)(1)(a); Clark v. Smith (1998),130 Ohio App.3d 648, 653, 720 N.E.2d 973.
[7] Davis v. Flickinger, 77 Ohio St.3d 415, 418, 1997-Ohio-260,674 N.E.2d 1159, quoting Wyss v. Wyss (1982), 3 Ohio App.3d 412, 416,445 N.E.2d 1153.