OPINION
{¶ 1} Appellant Cathleen E. Giaquinta and appellee Stephen Anderson are the parents of Alex Anderson, born July 23, 1996. Appellant and appellee lived together before the birth of Alex, and for approximately ten months after Alex's birth.
 {¶ 2} Alex was born prematurely, weighing one pound and thirteen ounces at birth. His premature birth resulted in a delay in his fine motor skill development, and Alex has a heart murmur. Alex is enrolled in occupational therapy, and did not begin kindergarten at age five. Following the parties' separation, Alex has resided with his mother.
 {¶ 3} On April 17, 2001, appellant filed a complaint seeking child support from appellee. On May 17, 2001, appellee filed a complaint for shared parenting. On May 30, 2001, the court entered its first order of visitation. Based on the agreement of the parties, appellee was granted three to four visits a week from 4:30 p.m. to 9:30 p.m., and alternating weekends, from 1:00 p.m. on Saturday, to 9:00 p.m. on Sunday. Both parties cooperated concerning visitation. A guardian ad litem was appointed, who recommended that the parties enter into a shared parenting agreement, concluding that the parties had remained civil with each other and were able to focus on the best interests of the child.
 {¶ 4} The case proceeded to trial before a magistrate in the Stark County Common Pleas Court, Juvenile Division. The magistrate rejected the shared parenting plan filed by appellee. The magistrate first found that the parties have difficulty making joint decisions regarding Alex, as each party views the other as rigid and unwilling to compromise. The magistrate found that the parties disagree on many material issues, particularly concerning the extent of Alex's health problems, and when and where he should begin school. The magistrate further concluded that the shared parenting plan submitted by appellee did not comply with R.C.3109.04(G), as the plan was silent regarding child support, and did not designate either parent as the residential parent for school purposes. The magistrate recommended that appellant remain the residential parent of Alex, as she had been the primary caretaker.
 {¶ 5} Appellee filed objections to the report of the magistrate. The court sustained the objections, and ordered each party to file a proposed shared parenting plan. After the proposed parenting plans were filed, the court found that the plan filed by appellee more closely complied with the statute, and adopted the plan filed by appellee.
 {¶ 6} Appellant assigns a single error on appeal:
 {¶ 7} "The trial court acted unreasonably in overruling the magistrate's decision and ordering shared parenting."
 {¶ 8} The trial court is vested with broad discretion to decide matters relating to the allocation of parental rights and responsibilities for the care of minor children, and its decision is subject to reversal only upon the showing of an abuse of discretion.Masters v. Masters (1994), 69 Ohio St.3d 83, 85; 630 N.E. 665. The abuse of discretion standard extends to a decision as to whether or not order shared parenting. DeLevie v. DeLevie (1993), 86 Ohio App.3d 531,621 N.E.2d 594.
 {¶ 9} Appellant argues that the court abused its discretion in ordering shared parenting, as appellant has been the primary caretaker of Alex, taking him to all medical and therapy appointments. She also argues that the evidence demonstrated that appellee refused to recognize that Alex had a heart murmur, despite medical evidence to the contrary. She further argues that appellee does not appreciate the extent of Alex's developmental difficulties, as the guardian stated that appellee did not understand why Alex did not begin kindergarten at age five, until the reasons were explained to him by the guardian. Appellant further argues that the plan filed by appellee did not comply with the statute, as found by the magistrate.
 {¶ 10} Pursuant to R.C. 3109.04(D)(1)(a)(iii), if the court determines that no filed plan is in the best interest of the child, the court may order each parent to submit appropriate changes to his or both of the filed plans to meet the court's objections. In the instant case, the court did exactly what the statute allows the court to do. The court asked both parties to submit proposed plans, and the court selected the plan which most closely complied with the statute.
 {¶ 11} Appellant has not demonstrated that the court abused its discretion in ordering shared parenting. While the magistrate makes a finding that the parties had difficulty communicating, later in the opinion, the magistrate finds that the parties had cooperated concerning visitation, and he believed they would comply with whatever visitation schedule the court ordered. The report of the guardian ad litem reflects that the parties communicate well with each other concerning Alex. While the evidence does reflect that appellant was the primary caregiver, appellee lived with the child for the first ten months after his birth, and had extensive visitation with the minor child up to the date of trial. While there was evidence that appellee did not always fully understand the extent of Alex's medical difficulties, there is nothing in the record to suggest that he has taken any action which would in any way harm the child.
 {¶ 12} Appellant has not demonstrated that the court abused its discretion in ordering shared parenting, in accordance with the recommendation of the guardian ad litem.
 {¶ 13} The assignment of error is overruled.
 {¶ 14} The judgment of the Stark County Common Pleas Court, Juvenile Division, is affirmed.
By Gwin, P.J., Hoffman, J., and Wise, J., concur.
topic: shared parenting — abuse of discretion.