OPINION *Page 2 
{¶ 1} Appellant Jeremy LaPlante appeals the February 2, 2007 decision of the Guernsey County Court of Common Pleas, Juvenile Division. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee are the biological parents of Tevin LaPlante, born in March 2002. See Judgment Entry, December 9, 2002, at 1. Appellant is incarcerated at the Noble Correctional Institution. On January 16, 2007, appellee-mother, Charlene Reasoner, as primary residential parent and legal custodian of Tevin, filed a "notice of intent to relocate." She therein stated that her present husband, serving in the United States Army, was stationed in Germany, and that she wanted to reside with Tevin in that country.
 {¶ 3} The trial court thereupon reviewed the file and issued a judgment entry on February 2, 2007, finding, inter alia, that "[t]he father has not shown good and sufficient cause as to why this Court should interfere with mother's relocation to Germany."
 {¶ 4} On February 23, 2007, appellant-father filed a notice of appeal.[1] He herein raises the following sole Assignment of Error:
 {¶ 5} "I. APPELLANT IS ENTITLED TO THE FATHER/CHILD RELATIONSHIP AND FOR THE CHILD TO BE ORDERED TO RETURN TO THE UNITED STATES OF AMERICA." *Page 3 
 I. {¶ 6} In his sole Assignment of Error, appellant contends the trial court's judgment entry regarding the child's relocation to Germany should be reversed. We disagree.
 {¶ 7} Appellant's argument on appeal is largely based on a recitation of the best interest factors of R.C. 3109.04(F)(1), and concludes with a request that this Court order "re-uniting" between father and son. See Appellant's Brief at 2-3. However, the issue of custody was not before the trial court at the time of the judgment entry under appeal. Indeed, " * * * [a] trial court does not have the authority to decide whether a residential parent has the right to move out of state when he or she files a motion to relocate. The motion to relocate merely gives the trial court the authority to decide if the visitation schedule should be revised." Miller v. Miller, Henry App. No. 7-03-09, 2004-Ohio-2358, ¶ 5, citing Spain v. Spain (June 21, 1995), Logan App. No. 8-94-30. Furthermore, it is improper for a trial court to treat a parent's desire to leave the state as a substantial change in circumstances for the invocation of a custody review. See Browne v. Browne (Sept. 21, 1995), Ashland App. No. 95CA44, citing Masters v. Masters (1994),69 Ohio St.3d 83, 85-86, 630 N.E.2d 665
 {¶ 8} In proceedings involving the custody and welfare of children, the power of the trial court to exercise discretion is peculiarly important. Thompson v. Thompson (1987), 31 Ohio App.3d 254, 258,511 N.E.2d 412, citing Trickey v. Trickey (1952), 158 Ohio St. 9, 13,106 N.E.2d 772. Upon review, we find no basis to alter the trial court's exercise of its discretion in addressing appellee-mother's notice of intent to relocate in the case sub judice. *Page 4 
 {¶ 9} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 10} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is hereby affirmed.
By: Wise, J.
Farmer, P. J., and
 Edwards, J., concur. *Page 5 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Guernsey County, Ohio, is affirmed.
Costs assessed to Appellant.
[1] Appellee-mother has not filed a response brief in the present appeal. *Page 1