This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Karen P. Martin, appeals a decision of the Summit County Court of Common Pleas, Domestic Relations Division, denying her motion to relocate to Utah and modifying an existing shared parenting plan between appellant and appellee, Jeffrey L. Martin. This Court affirms.
Appellant and appellee were divorced in September of 1996. The parties have one minor child, Patrick. At the time of the divorce, the parties executed a shared parenting plan. The shared parenting plan provided that appellant was to be the residential parent for school purposes.
On April 14, 2000, appellant filed a notice of intent to relocate to Utah. A hearing was held on September 1, 2000, regarding appellant's motion. The magistrate's decision was adopted by the court and journalized on October 11, 2000. The magistrate denied appellant's motion to relocate and modified the shared parenting plan by making appellee the residential parent for school purposes if appellant chose to move to Utah. Timely objections to the magistrate's decision were filed. On April 13, 2001, the final judgment entry was journalized. The final judgment entry denied appellant's objections to the magistrate's decision, thereby adopting the magistrate's decision as the final judgment of the court.
Appellant timely appealed and has set forth four assignments of error for review. Appellant's first and second assignments of error have been combined as they raise similar issues of law.
 FIRST ASSIGNMENT OF ERROR IT IS PLAIN ERROR OF LAW FOR THE COURT TO APPLY THE STANDARDS OF OHIO REVISED CODE 3109.051 TO THE MODIFICATION OF A SHARED PARENTING PLAN.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING CUSTODY OF THE MINOR CHILD TO THE APPELLEE BECAUSE THE TRIAL COURT'S DECISION WAS NEITHER SUPORTED BY A SUBSTANTIAL AMOUNT OF COMPETENT AND CREDIBLE EVIDENCE NOR CONSISTENT WITH STATUTORY REQUIREMENTS.
Appellant argues that the trial court erred by applying R.C. 3109.051
when denying appellant's motion to relocate. In addition, appellant argues that the trial court's decision to modify the shared parenting plan was not supported by a substantial amount of competent, credible evidence. This Court disagrees.
The Supreme Court of Ohio held that R.C. 3109.051 governs visitation rights while R.C. 3109.04 "governs agreements allocating `parental rights and responsibilities' * * *." Braatz v. Braatz (1999), 85 Ohio St.3d 40,44, quoting In re Gibson (1991), 61 Ohio St.3d 168, 171. The Court stated:
 In In re Gibson (1991), 61 Ohio St.3d 168, 171, 573 N.E.2d 1074, 1076, we explained the difference between custody and visitation:
 "`Visitation' and `custody' are related but distinct legal concepts. `Custody' resides in the party or parties who have the right to ultimate legal and physical control of a child. `Visitation' resides in a noncustodial party and encompasses that party's right to visit the child. See former R.C. 3109.05(B) (court may allow `parent who is deprived of the care, custody, and control of the children to visit them * * *'). In other words, `visitation' is granted to someone who does not have `custody.'
 Id. R.C. 3109.04(K)(5) states:
 Unless the context clearly requires otherwise, if an order is issued by a court pursuant to this section and the order provides for shared parenting of a child, both parents have "custody of the child" or "care, custody, and control of the child" under the order, to the extent and in the manner specified in the order.
Given the fact that both parents are deemed to have custody in this case, this Court finds that R.C. 3109.051 is not applicable. However, the fact that the trial court mentions R.C. 3109.051 in its analysis, is harmless, as the court did not apply it in its determination. After mentioning R.C. 3109.051, the trial court proceeds to a thorough analysis under R.C. 3109.04.
R.C. 3109.04(E)(2) states:
 In addition to a modification authorized under division (E)(1) of this section:
* * *
 (b) The court may modify the terms of the plan for shared parenting approved by the court and incorporated by it into the shared parenting decree upon its own motion at any time if the court determines that the modifications are in the best interest of the children or upon the request of one or both of the parents under the decree. Modifications under this division may be made at any time. The court shall not make any modification to the plan under this division, unless the modification is in the best interest of the children.
* * *
R.C. 3109.04(E)(1)(a), sets forth the findings that the court must make before modification of a shared parenting plan is proper:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 (i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 (ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 (iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child.
A trial court's application of R.C. 3109.04(E)(1) to the facts of a particular case will not be disturbed on appeal absent an abuse of discretion. Davis v. Flickinger (1997), 77 Ohio St.3d 415, at paragraph one of the syllabus. An abuse of discretion is more than mere error; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
R.C. 3109.04 clearly indicates that the court should look not only to a change in circumstances of the child, but also to any change that has occurred in the circumstances of either of the parents subject to a shared parenting decree, to determine whether a modification is necessary. In this case, the trial court found that Karen's move to Utah constituted a change in her circumstances. A "change of circumstances" is not defined by R.C. 3109.04; however, this Court requires a material change of circumstances. Holcomb v. Holcomb (Sep. 26, 2001) Lorain App. No. 01CA007795, unreported. The "change must be a change of substance, not a slight or inconsequential change." Davis v. Flickinger (1997),77 Ohio St.3d 415, 418. It is well-settled that "the filing of a motion to remove the child from Ohio that merely reflects the mother's `desire' to leave the state does not on its own constitute a substantial change in circumstances under * * * R.C. 3109.04." Masters v. Masters (1994),69 Ohio St.3d 83, 86. In Rohrbaugh v. Rohrbaugh (2000),136 Ohio App.3d 599, 604, the Seventh Appellate District held that when two parents are subject to a shared parenting plan and one moves to a distant location away from the other residential parent, the relocation constitutes a change in circumstances of either or both parents subject to the shared parenting plan. In the case sub judice, this Court finds that the court premised its decision on the effect that the move would have on Patrick's welfare and not solely upon the move to Utah alone.
In reaching its decision, it appears the court took into consideration the fact that Patrick would endure a change of environment if appellant's motion to relocate to Utah was granted. The court also took into account the relationship that Patrick has with his father and stepmother. However, Patrick's relationship with his mother would also be altered if the motion to relocate was denied and appellant moved to Utah. Nevertheless, the trial court found that it would be in Patrick's best interest to remain in the state of Ohio if his mother moves to Utah.
After finding that a change in appellant's circumstances existed, the court went on to find that modification of the shared parenting plan was in the Patrick's best interest.
R.C. 3109.04(F)(1) lists some of the factors that the court must consider when determining the best interest of the child:
 (a) The wishes of the child's parents regarding the child's care;
* * *
 (c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;
 (d) The child's adjustment to the child's home, school, and community;
 (e) The mental and physical health of all persons involved in the situation;
* * *
 (j) Whether either parent has established a residence, or is planning to establish a residence, outside this state.
The trial court heard testimony from both parents, Sandra Edwards, a representative of Family Court Services; Gene Elias, the guardian adlitem; and Jane Martin, Patrick's stepmother. After hearing the testimony and reviewing reports from Edwards and Elias, the trial court concluded that the parties appeared to have shared responsibility for Patrick's care equally since the divorce. The trial court found that Patrick has a very special bond with his mother and, that appellant is capable of providing a comfortable home for Patrick in Utah. However, the court found that other factors weighed against allowing appellant to move Patrick to Utah. The trial court found that Patrick had good relationships with his friends and teachers at Seton School. The guardian ad litem recommended that Patrick stay in Summit County. In addition, the trial court considered the fact that Patrick has substantial family ties in Summit County. This Court has held that a court may consider the fact that the relocation of a child would remove the child from a "supportive network" of family and friends as a factor, when modifying a shared parenting plan, after the custodial parent expresses a desire to move to another state. In re Longwell (Aug. 30, 1995), Lorain County C.A. Nos. 94CA006006, 94CA006007, unreported.
Finally, the trial court found that the harm likely to be caused by a change of environment is not outweighed by advantages of the change of environment to the child. See R.C. 3109.04(E)(1)(a)(iii). This Court concludes that if appellant moves to Utah, the harm likely to be caused by such a move outweighs any advantages of the change of environment to Patrick.
Upon a review of the record and in light of the best interest factors set forth above, this Court cannot find that the trial court abused its discretion in revising the shared parenting plan.
Furthermore, appellant's argument that the trial court awarded custody of Patrick to appellee is without merit. In a shared parenting plan, each party is the "residential parent." R.C. 3109.04(K)(6). The fact that one parent's residence is deemed the child's residence for school purposes does not affect this designation. R.C. 3109.04(K)(7). Therefore, the trial court's designation of appellee's residence as Patrick's residence for school purposes if appellant moves to Utah does not award custody to appellee.
Appellant's first and second assignments of error are overruled.
 THIRD ASSIGNMENT OF ERROR THE MAGISTRATE IMPROPERLY ADMITTED HEARSAY TESTIMONY TO THE PREJUDICE OF THE APPELLANT.
Appellant argues that the representative from Family Court Services and the guardian ad litem should not have been allowed to testify as to statements made by Patrick in pre-hearing interviews, expressing his wishes and desires as to where he would like to live.
Pursuant to R.C. 3109.04, in any action pertaining to the allocation of parental rights and responsibilities, "prior to trial, the court may cause an investigation to be made as to the character, family relations, past conduct, earning ability, and financial worth of each parent [.]" R.C.3109.04(C). In this case, the trial court referred the matter to Family Court Services for an evaluation and ordered Family Court Services to appoint a guardian ad litem. The Family Court Services representative and the guardian ad litem both submitted reports to the trial court. Both reports stated that Patrick had expressed a desire to remain in Ohio with his father. Appellate courts in Ohio have held that trial courts may consider the report of a court-appointed investigator despite the hearsay inherent in the report. See e.g. Webb v. Lane (Mar. 15, 2000), Athens App. No. 9CA12, unreported. As long as the investigator is made available for cross examination, the parties' due process rights are protected, and a court may consider the report, even without oral testimony by the investigator, and despite any hearsay that may be contained in the report. Id. In this case, the representative from Family Court Services and the guardian ad litem both testified at the hearing and were subject to cross examination by opposing counsel.
Assuming without deciding that it was error to admit the testimony of the Family Court Services' representative and the guardian ad litem
regarding Patrick's wishes, this Court finds such error to be harmless. Patrick's wishes were properly before the trial court through the admission of the reports by the representative from Family Court Services and the guardian ad litem.
Appellant's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE COURT'S RULING INFRINGES UPON THE APPELLANT'S CONSTITUTIONAL RIGHTS.
Appellant argues that the trial court's denial of her motion to relocate infringes upon her constitutional right to travel. This Court disagrees.
Ohio courts have rejected the argument that denying a request to relocate a minor child violates the parent's basic right to travel. InMarsala v. Marsala (July 6, 1995), Cuyahoga App. No. 67301, unreported, the court held that a shared parenting order concerns the residence and visitation of the child and does not prohibit either party from travelling. See, also, Alvari v. Alvari (Feb. 2, 2000), Lawrence App. No. 99CA05, unreported; Hunter v. Hunter (Aug. 10, 1992), Madison App. Nos. CA91-10-031 and CA91-11-034, unreported. The decision of the trial court merely deals with Patrick's residence for purposes of school attendance, and his visitation with his mother if his mother moves to Utah. It does not prohibit either party from traveling state to state.
Appellant's fourth assignment of error is overruled.
 III.
The judgment of the Summit County Court of Common Pleas, Domestic Relations Division is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BATCHELDER, P.J., BAIRD, J. CONCUR.