[Cite as *Luburgh v. Luburgh*, 2011-Ohio-5754.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LAYNE A. LUBURGH NKA PALADINO, | JUDGES: Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. Julie A. Edwards, J. |
| Plaintiff-Appellant, | |
| v.- | Case No. CT11-0017 |
| MATTHEW W. LUBURGH, | O P I N I O N |
| Defendant-Appellee. | |

CHARACTER OF PROCEEDING:    Appeal from the Muskingum County
Common Pleas Court, Domestic Relations
Division, Case No. DA97-0262

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    November 3, 2011

APPEARANCES:

For Plaintiff-Appellant

SUSAN N. HAYES
J.C. Deboard & Co., L.P.A.
5878 North High Street
Worthington, Ohio 43085

For Defendant-Appellee

MICHAEL A. NORTHRUP
Micheli, Baldwin, Northrup LLP
3808 James Court, Suite 2
Zanesville, Ohio 43701

*Hoffman, P.J.*

{¶ 1}  Plaintiff-appellant Layne A. Luburgh, nka Paladino, appeals the March 23, 2011 Judgment Entry entered by the Muskingum County Court of Common Pleas, Domestic Relations Division, designating Defendant-appellee Matthew W. Luburgh residential parent and legal custodian of the parties' minor child.

STATEMENT OF THE CASE

{¶ 2}  In 1998, the parties' marriage was terminated, and the trial court allocated parental rights and responsibilities for the parties' three minor children: P.L. - DOB 3/23/90; H.L. - DOB 2/5/1992; and S.L. - DOB 8/17/95, pursuant to a shared parenting.

{¶ 3}  Following a contested hearing, the trial court terminated the shared parenting decree by Judgment Entry of April 7, 2005, designated Layne Luburgh ("Mother") as residential parent and legal custodian, and granted Matthew Luburgh ("Father") visitation.  At the time, Mother was married to Kyle Paladino, with whom she shares one minor child, E.P.

{¶ 4}  On March 1, 2008, Kyle Paladino allegedly committed an act of domestic violence against Mother.  Mother subsequently filed for divorce shortly thereafter, and she and Paladino were divorced on October 20, 2008.

{¶ 5}  S.L. attends school in the Tri-Valley School District, where Mother's home is located.  Father's home is in another school district; however, Tri-Valley School District currently has open enrollment affording S.L. the opportunity to attend Tri-Valley regardless of whether he lives with Mother or Father.

{¶ 6}  Father married his present spouse in 2007, and she has two minor children from a previous relationship.

{¶ 7}  By informal agreement of the parties, the children have stayed with either party one-half the time since the spring of 2009.

{¶ 8}  On July 16, 2009 Father moved the trial court to modify the allocations of parental rights and responsibilities for the parties' children.[1]  On September 18, 2009, Mother moved the trial court to modify child support and the allocation of dependency exemptions.

{¶ 9}  The matter came before the magistrate on January 11, 2010, upon Father's motion to modify the allocation of parental rights and responsibilities and Mother's motion to modify child support and allocate dependency exemptions.  The magistrate conducted an in camera interview with the parties' minor child, S.L.

{¶ 10} Following the hearing and the in camera interview, the magistrate issued a Magistrate's Decision on May 14, 2010, designating Father the residential parent and legal custodian of S.L.  The trial court adopted the decision of the magistrate via Judgment Entry of April 26, 2011.

{¶ 11} Mother filed objections to the magistrate decision.  Via Judgment Entry of March 23, 2011, the trial court overruled the objections, and again adopted and approved the magistrate's decision as the order of the court.

{¶ 12} Mother now appeals, assigning as error:

{¶ 13} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING, AGAINST THE WEIGHT OF THE EVIDENCE, THAT IT WAS IN THE BEST INTEREST

---

[1] P.L. is emancipated.  H.L. reached the age of majority on February 5, 2010. Accordingly, the trial court found Father's motion to modify allocation of parental rights and responsibilities for H.L. moot.

OF THE CHILD TO MAKE A CHANGE IN RESIDENTIAL PARENT AND LEGAL CUSTODIAN.

{¶ 14} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING, AGAINST THE WEIGHT OF THE EVIDENCE, THAT ANY OF THE FACTORS OF R.C. 3109.04(E)(1)(a)(i), (ii) OR (iii) APPLIED."

I & II

{¶ 15} Mother's assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

{¶ 16} Mother maintains the trial court abused its discretion in designating Father the residential parent and legal custodian of S.L.

{¶ 17} In the case of *In the Matter of McLaughlin Children,* Stark App. No.2002-CA-00316, 2003-Ohio-761, this court held a trial court has broad discretion in matters concerning the allocation of parental rights and responsibilities and we will not disturb its decision on appeal absent an abuse of discretion. *Masters v. Masters* (1994), 69 Ohio St.3d 83, 85, 630 N.E.2d 655. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. The trial court has discretion to evaluate the credibility of witnesses, and an appellate court may not substitute its judgment for that of the finder of fact, see *State v. Awan* (1986), 22 Ohio St.3d 121.

{¶ 18} Ohio Revised Code Section 3109.04(E)(1)(a) states,

{¶ 19} "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen

since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

{¶ 20} "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

{¶ 21} "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

{¶ 22} "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

{¶ 23} In *Rohrbaugh v. Rohrbaugh* (2000), 136 Ohio App.3d 599, the Seventh District held,

{¶ 24} "Thus, three elements must have existed in order for the trial court in this case to have properly modified the existing shared parenting plan to grant appellant sole residential parent status: (1) there must be an initial threshold showing of a change in circumstances, (2) if circumstances have changed, the modification of custody must be in the children's best interests, and, (3) any harm to the children from a modification of the plan must be outweighed by the advantages of such a modification. *Clark v.*

*Smith* (1998), 130 Ohio App.3d 648, 653, 720 N.E.2d 973, 976. The record must support each of these findings or the modification of child custody is contrary to law. *Davis v. Flickinger* (1997), 77 Ohio St.3d 415, 417, 674 N.E.2d 1159, 1161-1162. Additionally, R.C. 3109.04(E)(1)(a) creates a rebuttable presumption that retaining the residential parent designated by the prior decree is in the child's best interest. *Meyer v. Anderson* (April 18, 1997), Miami Co. App. No. 96CA32, unreported, 1997 WL 189383."

{¶ 25} Revised Code Section 3109.04(F)(1) states,

{¶ 26} "In determining the best interest of a child pursuant to this section, whether on an original decree allocating parental rights and responsibilities for the care of children or a modification of a decree allocating those rights and responsibilities, the court shall consider all relevant factors, including, but not limited to:

{¶ 27} "(a) The wishes of the child's parents regarding the child's care;

{¶ 28} "(b) If the court has interviewed the child in chambers pursuant to division (B) of this section regarding the child's wishes and concerns as to the allocation of parental rights and responsibilities concerning the child, the wishes and concerns of the child, as expressed to the court;

{¶ 29} "(c) The child's interaction and interrelationship with the child's parents, siblings, and any other person who may significantly affect the child's best interest;

{¶ 30} "(d) The child's adjustment to the child's home, school, and community;

{¶ 31} "(e) The mental and physical health of all persons involved in the situation;

{¶ 32} "(f) The parent more likely to honor and facilitate court-approved parenting time rights or visitation and companionship rights;

**{¶ 33}** "(g) Whether either parent has failed to make all child support payments, including all arrearages, that are required of that parent pursuant to a child support order under which that parent is an obligor;

**{¶ 34}** "(h) Whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of an adjudication; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code or a sexually oriented offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent or any member of the household of either parent previously has been convicted of or pleaded guilty to any offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;

**{¶ 35}** "(i) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;

**{¶ 36}** "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."

**{¶ 37}** Mother asserts the trial court abused its discretion in designating Father the residential parent and legal custodian of S.L. as the facts in this case do not support a change being in S.L.'s best interest, and the harm caused by the change outweighs the advantages for the child. Specifically, Mother argues it is in S.L.'s best interest to have visitations coordinated with his half sibling E.P. in order to preserve their relationship. Further, Mother maintains she lives in the school district S.L. attends, and he is well adjusted to both homes.

**{¶ 38}** The magistrate herein specifically found S.L. enjoys a good relationship with both parents, his stepmother, and stepsisters residing with Father. The magistrate found the child had been integrated into Father's home due to extended visitation with Father. The magistrate found the child well-adjusted to the home of each parent, and considered the effect a change of custody would have on the minor child's schooling, finding no effect on his ability to maintain attendance at his current school due to open enrollment and if necessary, Father's payment of tuition.

**{¶ 39}** Upon review of the record, we find the trial court properly considered the factors set forth in R.C. 3109.04(E)(1) and (F)(1). We conclude the trial court did not abuse its discretion in finding a change of circumstances since the last parenting order, and in designating Father the residential parent and legal custodian of the parties' minor child, S.L.

{¶ 40} The March 23, 2011 Judgment Entry of the Muskingum County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

LAYNE A. LUBURGH                         :
NKA PALADINO,                            :
                                         :
        Plaintiff-Appellant,             :
                                         :
v.                                       :          JUDGMENT ENTRY
                                         :
MATTHEW W. LUBURGH,                      :
                                         :
        Defendant-Appellee.              :          Case No. CT11-0017


        For the reasons stated in our accompanying Opinion, the March 23, 2011

Judgment Entry entered by the Muskingum County Court of Common Pleas, Domestic

Relations Division, is affirmed.  Costs to Appellant.


                                        s/ William B. Hoffman_____
                                        HON. WILLIAM B. HOFFMAN


                                        s/ Sheila G. Farmer_____
                                        HON. SHEILA G. FARMER


                                        s/ Julie A. Edwards_____
                                        HON. JULIE A. EDWARDS